392 So.2d 277 (1980)
Freddie Lee MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 79-948/T4-522.
District Court of Appeal of Florida, Fifth District.
November 26, 1980.
Rehearing Denied January 13, 1981.
Richard L. Jorandby, Public Defender, and Denise Banjavic, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Edwin H. Duff, III, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Chief Judge.
In this appeal from a sentence in a murder case the appellant assigns as error the method by which the trial judge retained jurisdiction to review any parole release order issued during the first third of appellant's term of confinement.
Under the provisions of section 947.16(3), Florida Statutes (Supp. 1978), a sentencing judge, in certain enumerated cases, "may enter an order retaining jurisdiction over the offender for review of a [parole] commission release order. This jurisdiction... *278 [shall apply] to the first third of the ... sentence... ." The statute also requires that "In retaining jurisdiction ..., the trial court judge shall state the justification with individual particularity, and said justification shall be made a part of the court record."
While we agree the statute mandates a sentencing judge to state justification for his retention of a veto power over the release of a convict, we find no guidelines for the trial judge to follow. Thus we assume each order retaining jurisdiction must be based upon articulated substantial reasonable grounds to be determined in each case and, as the statute says, "with individual particularity."
It is our assumption that the Legislature meant to allow review of these orders retaining jurisdiction because the statute requires the justification to be made a part of the court record. This review is rather like the review in a habitual felony offender sentence, section 775.084, Florida Statutes (1979), where it is necessary for the trial judge to properly determine it is "necessary for the protection of the public" to sentence the convict to an enhanced period of confinement. Without such a finding the appellate courts have reversed sentences and required new sentencing. Eutsey v. State, 383 So.2d 219 (Fla. 1980); King v. State, 369 So.2d 1031 (Fla. 4th DCA 1979); Grey v. State, 362 So.2d 425 (Fla. 4th DCA 1978); Grimmett v. State, 357 So.2d 461 (Fla. 2d DCA 1978); Chukes v. State, 334 So.2d 289 (Fla. 4th DCA 1976).
Without going into the basis of our government and a treatise on the theories and applications of the separation of powers, it is sufficient, hopefully, to say that the Legislature has the sole authority to determine what acts are criminal acts and what the penalties for crimes are to be. The legislative authority in the penalties area allows for the setting of maximums and minimums, both of confinement and probation, the limits and guidelines for parole, and the particular means and methods of execution of sentences. The courts have the sole province over the particular sentence to be given an individual, but only within the statutory authority given in the various sentencing statutes, and the executive has the duty to see that the sentences are enforced. The executive performs its function through the governor and cabinet in its pardon and parole authority, and with the parole and probation commission in its statutorily limited powers, and finally, the Department of Corrections in its particular field, also statutorily limited.
All of this is to say the Legislature had the authority to say how a sentencing judge may retain jurisdiction over an offender and thus had the authority to require that it be done only with individually particularized justification. In this case the sentencing judge justified in the record the reasons for retaining jurisdiction by pointing out that the appellant had committed the most serious offense of murder, she has a reputation of aggressive behavior and she had served a sentence for hitting someone with an iron. A reputation for and a conviction of aggressive and injurious behavior is certainly sufficient justification for the retention of jurisdiction in a murder case. We affirm the sentence.
AFFIRMED.
FRANK D. UPCHURCH, Jr., J., concurs.
COWART, J., concurs specially with opinion.
COWART, Judge, concurring specially:
I agree the sentencing judge properly justified retaining jurisdiction to review any parole release order and that the case should be affirmed. Merely because the statute set no guidelines I am unwilling to assume that the legislature intended such justification be based on grounds reviewable for substance and reasonableness by an appellate court. The statute does not say this and logic does not lead to this conclusion. Everything a trial judge does should be done in a reasonable manner but that does not mean that everything he does is, or should be, reviewable by appeal.
*279 Proceedings under the habitual offender statute, Section 775.084, Florida Statutes, do not resemble, and provide no analogy to, Section 947.16(3), Florida Statutes, which provides for trial court review of parole releases. The habitual offender statute requires a separate proceeding conducted in a particular manner in which the trial court must make a finding, based on a preponderance of the evidence, that the accused is an habitual offender, the definition of which requires findings of specific facts about the defendant, his present offense and his prior convictions, as well as a general finding or prediction that an extended sentence is necessary to protect the public from the defendant's criminal activity. Since an extended sentence depends on these new findings of fact, which are not part of the original offense, due process requires the usual constitutional safeguards[1] relating to the procedure for establishing them[2] and without such findings extended sentences are reversed as the majority correctly observes. The detailed procedure in that statute is designed to meet those legal necessities and specifically provides in Section 775.084(3)(d), Florida Statutes, that each of the required findings is appealable.
Trial court action to retain and review parole releases, is in three steps: (1) At sentencing the trial court enters an order retaining jurisdiction to review a parole commission release order stating the justification therefor with individual particularity; (2) within ten days of notice of a release order the sentencing court must notify the commission it still desires to retain jurisdiction; and (3) within thirty days of receiving the release order and documentation from the commission, the sentencing court must review the commission release order, its findings and the evidence upon which it is based, and if the trial court finds either that (a) the release order is not based on competent substantial evidence, or (b) that the parole is not in the best interest of the community or the inmate, the trial court may vacate the release order. The initial decision to retain jurisdiction is not conditional upon any evidence or finding of fact and is not subject to any statutory guidelines or criteria. It is purely an exercise of general judgment in contemplation of the possible desirability of later judicial action. Obviously, the first two procedural steps, merely retaining jurisdiction, are not as consequential as the later actual judicial act of exercising the retained authority with its required review of the commission's findings and of the quality of the supporting evidence and its effect of preventing release from prison.[3] To hold that the trial court's initial decision retaining jurisdiction is reviewable on appeal when its ultimate action, actually vacating parole, is not reviewable creates an amazing legal paradox; yet this is the result here because the final action of the trial court vacating or approving the parole release order is not appealable. Section 947.16(3)(g), Florida Statutes.
The requirement of "justification with individual particularity" causes the trial judge to reconsider the purpose of the statute in each case rather than to approve it in principle and to retain jurisdiction in every sentence. The requirement of a record permits the sentencing judge or his successor, to later have a record of why the initial decision was made in that particular case; it also serves to cause the parole commission to send a notice of the release order to the trial court under Section 947.16(3)(c), Florida Statutes. These purposes for a record do not suggest or require appellate review. The statute only requires the sentencing judge to state and record the matters that in the particular case satisfied his conscience and caused him to form the decision to exercise his judgment in favor of retaining *280 jurisdiction. To hold that the trial judge's reasons must be substantial and reasonable and to further assume jurisdiction to review his reasoning will serve no useful purpose. With no fact findings we have nothing with which to meaningfully compare or test his justification. We can only decide, from case to case, if the reasons given by the sentencing judge sound, to us, "substantial" and "reasonable." We will mostly be reviewing the particular trial judge's ability to express or articulate his conclusion. There being no requirement for underlying facts and no objective guidelines for the trial judge, or for us, we can only substitute our opinion for his and duplicate, or usurp, this sentencing function which is properly and exclusively that of the trial court. This is contrary to the statute and good law. The specific statutory denial of appellate review of trial court action vacating a parole release order indicates the Legislature intended to trust and rely on the experience, reasoning, discretion and judgment of the trial court to make the threshold decision to retain jurisdiction. We should do no less.
NOTES
[1] Specht v. Patterson, 386 U.S. 605, 610, 87 S.Ct. 1209, 1212, 18 L.Ed. 326, 330 (1967).
[2] See, e.g., Adams v. State, 376 So.2d 47 (Fla. 1st DCA 1979) concerning the use of hearsay in habitual offender proceedings.
[3] These three steps are not unlike discharging a firearm where (1) the safety is released, (2) the hammer is cocked, and (3) the trigger is pulled. With three deliberate sequential judicial acts required it is more likely that we err than for the trial judge to go off half cocked and to accidentally shoot down a parole release order