421 So.2d 24 (1982)
Jerry Lynn ABBOTT, Appellant,
v.
STATE of Florida, Appellee.
No. AK-386.
District Court of Appeal of Florida, First District.
October 14, 1982.
Rehearing Denied November 15, 1982.
Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Richard A. Patterson, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
The appellant pled guilty to charges of armed robbery and kidnapping, and was sentenced to 60 years imprisonment on the former count and to a consecutive 30-year term of probation on the latter. He appeals the trial court's retention of jurisdiction, pursuant to § 947.16(3), Fla. Stat., over the first one-third of his sentence for the armed robbery. Appellant argues, inter alia, that even though the trial judge did state on the record his reasons for retaining jurisdiction, the statement of reasons given was legally insufficient. We agree and reverse.
In stating his ground for retaining jurisdiction, the trial judge simply referred to the "circumstances surrounding the particular incidents ... the nature of both offenses ... the seriousness of the offenses ... and the gravity of the offenses...," without citing any of the facts or circumstances of the crimes. This statement does not satisfy the requirement of § 947.16(3)(a) that justification for retention of jurisdiction be stated with individual particularity. Although the trial judge included in his statement somewhat more specific references to "the conditions under which the victim was submitted" and "the losses to the victim," here, again, there was no statement as to what was done to the victim or what his losses were.
Because we find that the trial court's statement of justification for retention of jurisdiction fails to satisfy the statutory requirement of specificity and particularity, we need not consider appellant's remaining arguments. This case is remanded with instructions to the trial court to either relinquish retention of jurisdiction or to enter an order setting out the particular facts and circumstances of the crime, or the particular characteristics and propensities of the appellant, which justify a retention of jurisdiction.
ROBERT P. SMITH, Jr., C.J., and MILLS, J., concur.