441 So.2d 1111 (1983)
Paul OWEN, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-342.
District Court of Appeal of Florida, Third District.
November 8, 1983.
Rehearing Denied December 21, 1983.
*1112 Bennett H. Brummer, Public Defender, and Robin H. Greene, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Penny H. Brill and William P. Thomas, Asst. Attys. Gen., for appellee.
Before HENDRY, BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
Appellant was charged with first-degree murder. A jury rejected his defense of self-defense and returned a verdict for second-degree murder. The court imposed a sixty-year sentence, then enhanced it by retaining jurisdiction to veto parole during the first one-third of the sentence pursuant to Section 947.16, Florida Statutes (1981).[1] As justification for the retention of jurisdiction, which justification must be stated "with individual particularity," Section 947.16(3)(a),[2] the court announced:
[T]he offense was [a] deliberate act and bolstered by considerable time by consumption of alcohol, apparently enough to carry it out.
Section 947.16(3), Florida Statutes (1981) has generated considerable discussion in recent months. The only point about which there is general agreement is that the authority given judges to retain jurisdiction in individual cases is totally devoid *1113 of legislative guidelines.[3]See Moore v. State, 392 So.2d 277 (Fla. 5th DCA 1980). It is also generally agreed that the justification given by the trial court for sentence enhancement is reviewable on appeal for substance and reasonableness, Moore v. State, and for the purpose of insuring that other rights of the defendant are not violated in the process. See Harden v. State, 428 So.2d 316 (Fla. 4th DCA 1983) (defendant's exercise of his constitutional right against self-incrimination cannot be the basis for enhancement of his sentence).
A trial judge has considerable discretion in imposing a sentence but that discretion has always been subject to limited appellate review to determine whether the factors taken into consideration are relevant and reliable. Fraley v. State, 426 So.2d 983 (Fla. 3d DCA 1983). Retention of jurisdiction for the purpose of vetoing parole is but part of the sentencing process. It is against this backdrop that we consider the "justification with individual particularity" of the enhanced sentence imposed in this case.
As justification for the enhancement the court states, in other words, (1) defendant committed the offense [murder] after deliberation, and (2) defendant consumed enough alcohol over a period of time to bolster courage to commit the murder.
It was undisputed that appellant sought out and shot the victim because appellant's girlfriend complained to him that the victim, who had a reputation for violence, had attempted to force her into an unnatural sex act. Appellant raised two defenses at trial (1) self-defense, and (2) voluntary intoxication. The jury rejected his defense of self-defense. It appears, however, that the jury accepted his defense of voluntary intoxication.
Our first reason for reversing the court's retention of jurisdiction is on solid footing. The defendant's commission of a deliberate act of murder, the court's first justification, is inconsistent with the jury verdict. Deliberate, in the context of its usage herein, implies a planned or premeditated act to effect the death of a particular person. "Deliberation" is often used interchangeably with "premeditation" to describe the essential element of first-degree murder.[4] The jury acquitted on the first-degree murder charge and convicted for second-degree murder, the elements of which are the perpetration of an "act imminently dangerous to another and evincing a depraved mind ... without any premeditated design to effect the death of any particular individual... ."[5] [e.s.] The trial judge's view of the evidence may be entirely correct but he is not free to disregard the jury's findings even for the purpose of enhancing a sentence. See State ex rel. Cavanaugh v. Coe, 439 So.2d 313 (Fla. 2d DCA 1983) (a trial court may not refuse to issue a certificate for a defendant to recover costs on a theory that the defendant is factually guilty even though the jury found him not guilty).
The second part of the court's stated reason for retaining jurisdiction, defendant's voluntary consumption of alcohol for the purpose of bolstering courage, is also irrelevant to a conviction for second-degree murder, and therefore cannot support the sentence enhancement.
*1114 First, the finding that the defendant consumed a large volume of alcohol is supported by the evidence but that it was done for the purpose of bolstering the courage to commit murder is contrary to the jury verdict. Further, the use of alcohol was injected into the trial of the cause as a defense to first-degree murder. One whose faculties are sufficiently impaired from alcohol consumption may be incapable of forming the specific intent which is essential to first-degree murder.[6] The jury acquitted defendant of first-degree murder, from which it may be inferred that the voluntary intoxication defense was accepted by the jury. To permit a sentencing court to then rely on the fact of voluntary intoxication, which in itself is not criminal conduct, as a reason for enhancing a sentence after a jury has considered that same factor in acquitting for the higher offense (here, first-degree murder), would have a chilling effect on the assertion of valid defenses. Where a defendant's assertion of a valid defense to a criminal charge in a jury trial must be circumscribed because the trial court may use the defense  especially if believed by a jury  as a basis for aggravating a sentence in the event of conviction for a lesser included offense, the constitutional right to an unfettered trial by jury is impaired. We think that enhancement of a sentence because defendant asserted voluntary intoxication as a defense is as unfair as is the use of the assertion of a fifth amendment privilege for that purpose. See Harden v. State.
Within the scope of our limited review, we hold that the factors relied upon by the court for the purpose of retaining jurisdiction were irrelevant and inconsistent with the jury's verdict.
The challenges to the conviction are without merit.
We AFFIRM the conviction and sixty-year sentence; the retention of jurisdiction over the first third of the sentence is VACATED.
NOTES
[1] Retention of jurisdiction which empowers a trial court to veto a parole recommendation and deny release pursuant to gain time is, in effect, an enhancement of a sentence. State v. Williams, 397 So.2d 663 (Fla. 1981).
[2] Section 947.16(3)(a), Florida Statutes (1981) provides:

In retaining jurisdiction for the purposes of this act, the trial court judge shall state the justification with individual particularity, and said justification shall be made a part of the court record.
[3] The lack of statutory guidelines also suggests a constitutional infirmity.
[4] "`Premeditation" and `deliberation' are synonymous terms, which, as elements of first-degree murder, mean simply that the accused, before he committed the fatal act, intended that he would commit the act at the time that he did, and that death would be the result of the act." Sanders v. State, 392 So.2d 1280, 1282 (Ala.Cr.App. 1980). Deliberation is the element which distinguishes first and second degree murder. State v. Smart, 485 S.W.2d 90 (Mo. 1972). It is defined as a prolonged premeditation and so is even stronger than premeditation. See State v. Hall, 40 N.M. 128, 55 P.2d 740, 742 (1935).
[5] Section 782.04(2), Florida Statutes (1981) provides in part:

The unlawful killing of a human being, when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, shall be murder in the second degree... .
[6] Voluntary intoxication is an absolute defense to any crime requiring specific intent. Edwards v. State, 428 So.2d 357 (Fla. 3d DCA 1983); Russell v. State, 373 So.2d 97 (Fla. 2d DCA 1979).