GLICKSTEIN, Judge.
Having reviewed the transcripts of the violation of probation hearing and the change of plea, we find no error as to appellant’s first two points on appeal. However, the third point requires remand, which we do.
Briefly, the trial court, having properly found appellant to be in violation of his probation, then sentenced him to thirty years’ imprisonment for the original charge of robbery with a weapon. However, it retained jurisdiction pursuant to section 947.16, Florida Statutes (1981), without stating the basis with “individual particularity.”[1] See Mobley v. State, 409 So.2d 1031 (Fla.1982); LaChance v. State, 396 So.2d 1234, 1235 (Fla. 2d DCA 1981). Subsequently, in writing, the trial court stated with particularity its reasons for retaining jurisdiction.[2] Appellant had no opportunity *56 to respond to the written order. See Thornton v. State, 442 So.2d 1104 (Fla. 4th DCA 1983). Accordingly, we reverse the order retaining jurisdiction, and remand with direction that appellant be given an opportunity to hear and respond at an appropriate sentencing to be conducted should the trial court seek to retain jurisdiction.
The following remarks are not directed to the retention of jurisdiction but to the fact that this gifted youngster, blessed with vast athletic ability, has now wasted all of the opportunity which those gifts have and would have provided — higher education being the most important. If there is any lesson to be learned from this tragic waste, it is that we are all trustees of our individual gifts; and that, somehow, we adults have to permanently instill in our children this awareness. Perhaps someday there will emerge a generation of parents who will not have to suffer being told by their grown children how they regret having lightly given up those avenues of self-expression that could have enriched their lives.
WALDEN, J., and GOLDMAN, MURRAY, Associate Judge, concur.

. The court said:
Further the Court, pursuant to Section 947.-163A will retain jurisdiction over the defendant for the first one-third of that time. The Court specifically finding with respect to the original charge that it was of such a heinous nature and didn’t involve the use of a firearm and potential use of such force, the Court will retain jurisdiction.

. In accordance with Section 947.16(3)(a), Florida Statutes, this Order is justified by the following specific findings of fact:
1. The defendant was convicted of Robbery on January 13, 1983.
2. The defendant carried a blank pistol during the course of the Robbery, with the intent to scare the victim and during the course of the Robbery, the defendant threatened to shoot the victim.
*56 3. The Defendant’s pattern of criminal conduct has convinced the Court that he is a danger to the community. The Defendant committed the violation of probation only four months after being placed on probation by the Court.
4. The Court believes that it is in the best interests of society that the Defendant remain incarcerated for at least one-third of the sentence imposed.
5.Such retention of jurisdiction is required in order to assure this Court that the Defendant serves an appropriate term of incarceration.