448 So.2d 14 (1984)
Elario S. SANAME, Appellant,
v.
STATE of Florida, Appellee.
No. AT-37.
District Court of Appeal of Florida, First District.
March 13, 1984.
Rehearing Denied April 11, 1984.
Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Gregory C. Smith, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
In Saname v. State, 427 So.2d 1083 (Fla. 1st DCA 1983), this court remanded this cause to the trial court with directions to either vacate the order retaining jurisdiction over appellant's sentence for second-degree murder or to state the reasons for retaining that jurisdiction with individual particularity. The opinion specifically cites Abbott v. State, 421 So.2d 24 (Fla. 1st DCA 1982), another appeal from the same trial judge, in which we held that simply referencing such things as "the circumstances surrounding this offense," without citing any of the facts or circumstances of the crime, were insufficient to meet the requirement of Section 947.16(3)(a) that justification for retention of jurisdiction be stated with individual particularity. Accord, Wilson v. State, 414 So.2d 512, 513 (Fla. 1982); Moore v. State, 392 So.2d 277 (Fla. 5th DCA 1981). Once again, and contrary to this court's explicit directions, the trial judge has justified his retention of jurisdiction by simply citing "the circumstances surrounding this offense and the characteristics of the Defendant's propensity for criminal involvement." His incorporation by reference of defense counsel's memorandum regarding sentencing and appellant's presentence investigation in no way cures this deficiency, for to *15 hold that it did would render meaningless the express statutory requirement that the reasons be stated with particularity. In light of this failure to enter an appropriate order setting out the particular facts and circumstances which justify the retention of jurisdiction, we vacate the retention of jurisdiction.
REVERSED.
WIGGINTON, J., concurs.
NIMMONS, J., specially concurs with opinion.
NIMMONS, Judge, specially concurring.
As I recently observed in my concurring opinion in Wilson v. State, 449 So.2d 822 (Fla. 1st DCA 1984):
I am not as convinced as my colleagues that the statute contemplates review by appellate courts of the sufficiency of the reasons stated by the trial court for retention. See Moore v. State, 392 So.2d 277 (Fla. 5th DCA 1981) (Cowart, J., specially concurring); compare Mobley v. State, 409 So.2d 1031, 1038 (Fla. 1982) (failure of trial court to make any findings justifying retention vacated and cause remanded so that findings may be made). In view of this court's previous decisions in retention appeals, e.g. Abbott v. State, 421 So.2d 24 (Fla. 1st DCA 1982), and Saname v. State, 427 So.2d 1083 (Fla. 1st DCA 1983), I concur in the court's decision to reverse on this ground. However, I favor certifying to the Supreme Court the following question as one of great public importance:
Do the appellate courts of this State have jurisdiction to review the sufficiency of the reasons stated by trial courts for retention of jurisdiction under Section 947.16(3)(a)?
I adhere to those sentiments and, although concurring in the court's opinion, would again favor certifying to the Supreme Court the above question as one of great public importance.