449 So.2d 822 (1984)
Cornelius WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. AT-293.
District Court of Appeal of Florida, First District.
January 25, 1984.
On Rehearing March 19, 1984.
Rehearing Denied May 10, 1984.
Glenna Joyce Reeves, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Richard A. Patterson, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Appellant pled guilty to an amended two-count information charging sexual battery with a firearm and kidnapping with a firearm. He was sentenced to two consecutive thirty-year sentences with consecutive three-year mandatory minimum sentences. The court retained jurisdiction under section 947.16(3), Florida Statutes (Supp. 1982) for the first one-half of each sentence for review of a parole commission release order. On appeal, appellant raises three points, contending (I) the trial court failed to state sufficient reasons for retention of jurisdiction; (II) the trial court erred in retaining jurisdiction over appellant for one-half of each of the consecutive sentences imposed instead of the total of those sentences; and (III) the trial court erred in imposing cumulative three-year mandatory minimum sentences for multiple offenses arising out of the same criminal episode. *823 We reverse on all three points and remand for resentencing in accordance with this opinion.
As to point I, the trial court articulated the following reason for its retaining jurisdiction for the first one-half of each of appellant's sentences:
The express reason for that being that the present status of the Parole Commission and its policies and philosophies relative to release from incarceration does not meet with the approval of the trial judiciary of this state, particularly to this Court, and, therefore, this Court feels that a judicial officer, and a judicial officer elected by the people alone, should make the determination as to when you are eligible for parole.
By no stretch of the imagination does that articulated reason satisfy the requirements of specificity and particularity set forth in section 947.16(3)(a), Florida Statutes (Supp. 1982). See Saname v. State, 427 So.2d 1083 (Fla. 1st DCA 1983); and Abbott v. State, 421 So.2d 24 (Fla. 1st DCA 1982). Because the statement is statutorily deficient, on remand the trial court is instructed either to relinquish retention of jurisdiction or to enter an order setting forth the particular facts and circumstances of the crime, or the particular characteristics and propensities of the appellant, which justify a retention of jurisdiction. Abbott.
Regarding point II, we hold the trial court erred in retaining jurisdiction to review any parole commission release order for one-half of each of the consecutive thirty-year sentences. As recognized by our sister courts in the second and third districts in Adams v. State, 435 So.2d 953 (Fla.2d DCA 1983) and Goree v. State, 411 So.2d 1352 (Fla.3d DCA 1982), the trial court has the authority under section 947.16(3) to retain jurisdiction over one-half of the total consecutive sentences imposed, but not over the first one-half of each of the consecutive sentences imposed.
The state relies on the supreme court's decision in Harmon v. State, 438 So.2d 369 (Fla. 1983), decided subsequent to Adams and Goree.[1] In Harmon, however, the issue was not precisely that which is raised under this point, but rather whether the imposition of six consecutive 100-year terms, with the trial court's retaining jurisdiction for one-third of each sentence violates the constitutional prohibition against indefinite terms of imprisonment contained in article I, section 17, Florida Constitution, and whether the retention of jurisdiction for a period of 200 years imposes a greater penalty than if the court had imposed consecutive life sentences. Language in Harmon suggests the supreme court would condone the trial court's action challenged here; and we note that whether the trial court reserves jurisdiction for one-third or one-half of each consecutive sentence, or for one-third or one-half of the total consecutive sentences, the result is numerically equal. Nevertheless, we are compelled to reverse by the plain meaning of section 947.16(3) which authorizes a trial court judge to reserve jurisdiction for one-half "of the total consecutive sentences imposed." [Emphasis added.] Therefore, on remand the court is directed to reconsider the period of retention in accordance with section 947.16(3).
Finally, as to point III, the trial court erred in imposing two consecutive mandatory minimum sentences. See Palmer v. State, 438 So.2d 1 (Fla. 1983); and Sams v. State, 441 So.2d 180 (Fla. 1st DCA 1983). Accordingly, on remand the trial court is directed to correct the sentences so that the two mandatory minimum sentences will be served concurrently.
LARRY G. SMITH, J., concurs.
NIMMONS, J., concurs with written opinion.
NIMMONS, Judge, specially concurring.
I concur in the court's opinion. I wish, however, to clarify my reason for considering *824 on appeal the defendant's claim pertaining to the procedural error in the trial court's alleged failure to comply with Section 947.16(3)(a), Florida Statutes (Supp. 1982), in retaining jurisdiction. Although we have held that we will not consider such procedural sentencing errors on appeal without the objection having first been raised in the trial court, we note that the defendant in this case did make such objection. Cf. Walker v. State (Fla. 1st DCA 1983) [8 FLW 2896, 12/23/83].
I am not as convinced as my colleagues that the statute contemplates review by appellate courts of the sufficiency of the reasons stated by the trial court for retention. See Moore v. State, 392 So.2d 277 (Fla. 5th DCA 1981) (Cowart, J., specially concurring); but see Owen v. State, 441 So.2d 1111 (Fla. 3rd DCA 1983); compare Mobley v. State, 409 So.2d 1031, 1038 (Fla. 1982) (failure of trial court to make any findings justifying retention vacated and cause remanded so that findings may be made). In view of this court's previous decisions in retention appeals, e.g., Abbott v. State, 421 So.2d 24 (Fla. 1st DCA 1982), and Saname v. State, 427 So.2d 1083 (Fla. 1st DCA 1983), I concur in the court's decision to reverse on this ground. However, I favor certifying to the Supreme Court the following question as one of great public importance:
Do the appellate courts of this State have jurisdiction to review the sufficiency of the reasons stated by trial courts for retention of jurisdiction under Section 947.16(3)(a)?

ON REHEARING
PER CURIAM.
We are not persuaded to grant rehearing on the ground asserted by the state, that ground being that the sufficiency of the trial court's reasons for retention of jurisdiction under Section 947.16(3)(a) are not subject to appellate review. We also deny the state's motion to certify the question.
However, we grant rehearing on the issue of the validity of the trial court's imposition of the two consecutive three-year mandatory minimum sentences even though the state has not sought rehearing on that ground. This issue was raised by appellant as his third point on appeal and was briefly treated in the last paragraph of our opinion. The only reference in the state's brief to that point was its concession that the issue was governed by the Supreme Court's holding in Palmer v. State, 438 So.2d 1 (Fla. 1983), but, said the state, reliance upon that holding would be premature because the state's motion for rehearing in Palmer was still pending. However, Palmer became final when the Supreme Court denied rehearing on October 19, 1983. Even though the state has, in effect, conceded this point, in reviewing the record of this case along with the Palmer opinion, we are persuaded that the rationale expressed by the majority in Palmer was not intended to preclude consecutive mandatory minimum sentences in situations such as we have in the case at bar.
Wilson pled guilty to kidnapping and sexual battery. He used a firearm in the commission of both offenses. In order to determine whether Palmer precludes consecutive mandatory minimum sentences in this case, we must look to the facts involved in the crimes. Although the facts are not addressed in the parties' briefs herein,[1] we are able to refer to the transcript of proceedings at the time of the entry of the appellant's guilty pleas at which proceedings the prosecuting attorney *825 recited the facts in order to establish factual bases for the guilty pleas:
Your Honor, on November 19, 1982, at approximately 1:00 o'clock in the morning the victim alleged in the Information in this case was returning to her apartment in the City of Fort Walton Beach. As she got out of her car and was attempting to enter her apartment, she was confronted by an individual later identified as the defendant, Cornelius Wilson, at gun point and he directed her to get into his car, which she did. From there, they drove a short distance behind an area of Coral Drive in Fort Walton Beach, Florida. At that time, also with a gun in his possession and with very little conversation, he completed the technical act of sexual battery and with penetration of the vagina. At that time, the defendant left. The victim, after waiting just a couple of minutes, ran down the street and was able to flag down a passing motorist, who called the Police Department, and they responded.
Shortly thereafter, Wilson was arrested and gave a confession to the investigating officers.
In contrast, the defendant in Palmer walked into a funeral parlor with a firearm during a wake, ordered the mourners to throw their money and valuables on the floor and threatened to kill them unless they complied. They did, and he took the loot and fled. On his convictions of thirteen counts of armed robbery, the trial court imposed consecutive sentences and also imposed consecutive three-year mandatory minimum terms by reason of the use of a firearm pursuant to Section 775.087(2). Although finding no error in the requirement that the basic sentences were to be served consecutively, the Supreme Court reversed the consecutive three-year mandatory minimum sentences. However, the court stated:
By this holding, we do not prohibit the imposition of multiple concurrent [emphasis in original] three-year minimum mandatory sentences upon conviction of separate offenses included under subsection 775.087(2), nor do we prohibit consecutive mandatory minimum sentences for offenses arising from separate incidents occurring at separate times and places. (emphasis added)
438 So.2d at 4.
At least for a while, Palmer will, undoubtedly, spawn much activity in the appellate courts over the question of whether given offenses arise from separate incidents occurring at separate times and places. See Cochenet v. State, 445 So.2d 398 (Fla. 5th DCA 1984); Whitehead v. State, 446 So.2d 194 (Fla. 4th DCA 1984). However, we have no difficulty in determining that the offenses involved in the case at bar qualify for consecutive treatment under Palmer. We do not believe that we should expand the holding in Palmer to proscribe consecutive mandatory minimum sentences where the defendant kidnaps the victim in front of her residence and then transports the victim to another place where he rapes her.
Accordingly, we withdraw the last paragraph of our opinion as to Point III and affirm the trial court's imposition of the consecutive three-year mandatory minimum sentences.
LARRY G. SMITH, WIGGINTON and NIMMONS, JJ., concur.

ON APPELLANT'S MOTION FOR REHEARING
PER CURIAM:
Appellant's motion for rehearing is denied. However, we certify, pursuant to Fla.R.App.P. 9.030(a)(2)(A)(v), that the court's decision passes upon a question of great public importance, namely:
Whether the crimes for which the defendant was sentenced to consecutive three-year mandatory minimum terms pursuant to Section 775.087(2), Florida Statutes, were "offenses [which arose] from separate incidents occurring at separate times and places" within the meaning of the rule announced in Palmer v. State, 438 So.2d 1 (Fla. 1983)?
*826 We have certified a similar question in Ames v. State, 449 So.2d 826 (Fla. 1st DCA 1984).
LARRY G. SMITH, WIGGINTON and NIMMONS, JJ., concur.
NOTES
[1] Harmon, Adams and Goree were decided under the 1981 version of section 947.16(3) which authorizes the trial court judge to reserve jurisdiction for one-third of the total consecutive sentences. Section 947.16(3) was amended in 1982 by chapter 82-171, Laws of Florida, to allow retention of jurisdiction for one-half of the sentences imposed.
[1] Under the heading "Statement of the Case and Facts," the appellant's brief states only the following with respect to the facts regarding the offenses:

"The factual basis for the plea reflected that on November 19, 1982, appellant, armed with a weapon, kidnapped the victim and then sexually battered her."
The appellee's brief neither contains any statement of case or facts nor mentions the appellant's statement of case or facts.