458 So.2d 1132 (1984)
Eric ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
Victor ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 83-1094, 83-1192.
District Court of Appeal of Florida, Fourth District.
July 11, 1984.
Rehearing and Rehearing Denied December 5, 1984.
*1133 Richard L. Jorandby, Public Defender, Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Sharon Lee Stedman, Asst. Atty. Gen., West Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied December 5, 1984.
HERSEY, Judge.
Appellants were convicted of two counts of robbery and were sentenced to forty years imprisonment on each count, the sentences to run concurrently. Mandatory minimum sentences were also imposed under Section 775.087(2), Florida Statutes (1983), and the trial court retained jurisdiction over the first one-third of the sentences. Only the retention of jurisdiction is appealed, based upon the failure of the trial court to state the grounds for retention.
At sentencing, the trial court discussed appellants' prior convictions, stating: "The defendants are very young but they do have what appears to be a very serious past history." Subsequently, "[b]ased on what I know about both of you" the court retained jurisdiction over appellants for one-third of their sentences. The state points out that counsel for appellants raised no objection to retention of jurisdiction at the trial level.
The initial question is whether or not the reasons stated by the court on the record satisfy the requirements of the statute which provides:
(a) In retaining jurisdiction for the purposes of this act, the trial court judge shall state the justification with individual particularity, and such justification shall be made a part of the court record. A copy of such justification shall be delivered to the department together with the commitment issued by the court pursuant to s. 944.16.
§ 947.16(3)(a), Fla. Stat. (1983).
At least two appellate judges have questioned whether appellate review of the sufficiency of the subjective reasons stated by the trial court for retention is appropriate. See Moore v. State, 392 So.2d 277 (Fla. 5th DCA 1980) (Cowart, J., concurring specially) and Wilson v. State, 449 So.2d 822 (Fla. 1st DCA 1984) (Nimmons, J., concurring specially).
We are inclined to the view, and therefore so hold, that while the trial court is vested with the broadest possible discretion in determining whether to retain jurisdiction, that discretion is not totally unbridled. For example, retention based upon the trial judge's personal dislike of the defendant or his distaste for the particular criminal act committed or the defendant's race, sex or religious persuasion would, in our view, be a clear abuse of discretion. On the other hand retention based upon an extensive history of criminal convictions, as here, would ordinarily constitute a permissible exercise of discretion. Accordingly, the emphasis of our inquiry shifts from the substantive to the procedural aspect of the *1134 sentencing proceeding. The question we consider in this context is whether the trial court complied with the statutory requirement that the justification for retention be stated "with individual particularity."
We have previously suggested on two occasions that one purpose of the statute is to give the defendant an opportunity to respond to the reasons stated for retention. Stafford v. State, 440 So.2d 55 (Fla. 4th DCA 1983) and Thornton v. State, (Fla. 4th DCA, Case No. 82-1208, opinion filed April 13, 1983) [8 F.L.W. 1043], rev'd on other grounds on reh'g, 442 So.2d 1104 (Fla. 4th DCA 1983). It is apparent that a defendant can make no appropriate response to a broad reference to his criminal history without more specific details.
Another purpose of the statute is to permit a successor judge, at such time as release of the defendant is contemplated to determine from the record the reasons for retention of jurisdiction in the first instance. Intelligent review is prevented if the record is vague and subjective. What is required is "individual particularity" which would require at a minimum, where the defendant's history is relied upon, that his prior convictions be made a matter of record.
We therefore conclude that the record is deficient for failure to comply with the statute. However, as we noted previously, the appellant failed to object to retention in the trial court and we thus are required to consider whether the deficiency may be reached on direct appeal. The Supreme Court has recently answered this question affirmatively. See State v. Rhoden, 448 So.2d 1013 (Fla. 1984).
The statute contemplates a statement on the record of the reasons justifying retention of jurisdiction which is then to be appended to the sentencing document to be delivered to the department of corrections. § 947.16(3)(a), Fla. Stat. (1983). The trial court should therefore state on the record as part of the sentencing in open court the reasons for retention which would permit defendant to respond and to make appropriate objection in order to preserve any error for appellate review. We remand to permit the trial court to do so.
Affirmed but remanded to correct sentencing procedure.
LETTS and BERANEK, JJ., concur.