467 So.2d 996 (1985)
Cornelius WILSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 65446.
Supreme Court of Florida.
April 18, 1985.
Jim Smith, Atty. Gen., and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for respondent.
*997 Michael E. Allen, Public Defender and Glenna Joyce Reeves, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
OVERTON, Justice.
This cause is before us on petition to review the First District Court of Appeal decision in Wilson v. State, 449 So.2d 822 (Fla. 1st DCA 1984), in which that court certified the following question to be of great public importance:
Whether the crimes for which the defendant was sentenced to consecutive three-year mandatory minimum terms pursuant to Section 775.087(2), Florida Statutes, were "offenses [which arose] from separate incidents occurring at separate times and places" within the meaning of the rule announced in Palmer v. State, 438 So.2d 1 (Fla. 1983).
449 So.2d at 825 (emphasis in original). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answered the identical question in the negative in State v. Ames, 467 So.2d 994 (Fla. 1985), released simultaneously with this opinion.
In this cause, Wilson pled guilty to sexual battery with a firearm and kidnapping with a firearm. The factual basis for the plea reflects that Wilson, armed with a gun, confronted his victim as she attempted to enter her apartment, forced her into his car, drove a short distance, and raped her. The trial court sentenced Wilson to two consecutive 30-year sentences with consecutive three-year mandatory minimum sentences for each offense. The district court affirmed the consecutive mandatory sentences, holding that "the offenses involved in the case at bar qualify for consecutive treatment under Palmer." 449 So.2d at 825. We disagree and find that, under our Palmer and Ames decisions, Wilson's offenses occurred during a single, continuous episode. Consequently, consecutive minimum mandatory sentences are improper.
Accordingly, we quash the decision of the district court and remand for further proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and ADKINS, McDONALD and SHAW, JJ., concur.
ALDERMAN and EHRLICH, JJ., dissent.