ON MOTION FOR REHEARING
HENDRY, Judge.
Upon rehearing, the original opinion in Thomas v. State, 11 F.L.W. 160 (Fla. 3d DCA Jan. 7, 1986) is withdrawn and the following opinion is substituted.
Appellant was charged by information in 1982 with armed burglary (count I); armed robbery (count II); sexual battery with force likely to cause serious personal injury (count III); kidnapping (count IV); and battery (count V). The jury returned a verdict convicting appellant of unarmed burglary with an assault (count I); robbery with a weapon (count II); kidnapping (count IV); and battery (count V). He was acquitted of the sexual battery count. The trial court retained jurisdiction on the concurrent 25 year sentences entered on counts I, II and IV.
After several delays for the filing of transcripts and appellant’s brief, the appeal on the original sentencing and retention orders was dismissed in 1983 for failure to file a brief within the time required. The appeal was reinstated pursuant to Baggett v. Wainwright, 229 So.2d 239 (Fla.1969), in June, 1985. In July, appellee/state moved this court to relinquish jurisdiction to the trial court so that the trial court could state its reasons for retaining jurisdiction and could correct some errors in the retention order. After a second relinquishment of jurisdiction to the trial court, a corrected sentencing order and a new order retaining jurisdiction over the first ½ of the 25 year sentence imposed on count I only was entered. Appellant filed a supplemental brief to this court because the issues raised in the initial brief had been mooted by the new orders entered on remand.
At the outset we note that the focus of our inquiry is on the substantive aspects of the sentencing proceeding since all of the procedural requirements of section 947.16(3), Florida Statutes (Supp.1982), have now been met. While there is a disagreement over whether appellate review of the sufficiency of the reasons given by the trial court for retention is appropriate,[1] this district has adopted the position that the justification given by the trial court for retaining jurisdiction is reviewable on appeal for substance and reasonableness. *1374 Owen v. State, 441 So.2d 1111 (Fla. 3d DCA 1983).
Appellant argues that the retention order under review is fatally flawed by the recitation of the violent acts committed upon the victim by co-perpetrators of the offenses. He argues that the trial court’s reliance upon acts for which the jury found him not responsible renders the retention order unlawful. We disagree with appellant’s characterization of the retention order and the conclusions he has drawn from it.
In its very first finding of fact, the trial court states that appellant was convicted of four crimes of violence, that appellant was found not guilty of sexual battery, and that he was being sentenced for only those crimes for which the jury found him guilty. A second finding of fact speaks of physical abuse apart from the sexual battery (all emphasis by the trial court). Rather than disregarding the jury’s findings as to appellant’s responsibility for the violent physical and sexual abuse, we find that the trial court was carefully delineating appellant’s offenses of robbery, burglary, kidnapping and battery within the larger erime of a peculiarly violent home invasion robbery committed by three people.
Furthermore, one purpose of section 947.16(3) (in addition to allowing meaningful appellate review of the retention order) is to permit a successor judge, at such time as release of a defendant is contemplated, to determine from the record the reasons for retention of jurisdiction in the first instance. Robinson v. State, 458 So.2d at 1134. A successor judge would learn from reading this order not only that in the course of the crime a sexual battery was committed from which appellant was acquitted, but also that appellant was on parole from prior convictions for burglary of a dwelling and grand theft, that appellant carried a weapon, and that there was some degree of victim injury in which, the jury concluded, appellant participated.
In focusing on the reasons given by the trial court for retaining jurisdiction we note that, had appellant been sentenced under the sentencing guidelines, the same factors listed by the trial court in its order, to-wit: additional offenses (robbery, kidnapping, battery); prior convictions (grand theft); prior convictions for the same offense (burglary of a dwelling); legal status at the time of the offense (parole); and victim injury, are listed on the face of the guideline scoresheet itself to be used in computing a defendant’s “score” for sentencing purposes. These factors enhance a defendant’s sentence by increasing the recommended range within the penalty cells.[2] Since retention of jurisdiction is also an enhancement of a sentence, Owen v. State, 441 So.2d at 1112 n. 1, we find that the objective factors listed by the trial judge in this case, apart from all references to the physical and sexual abuse of the victim, meet the test for substance and reasonableness.
The sentence under appeal is accordingly affirmed.
Affirmed.

. See Wilson v. State, 449 So.2d 822 (Fla. 1st DCA 1984) (Nimmons, J. concurring), vacated other grounds, 467 So.2d 996 (Fla.1985); Sanante v. State, 448 So.2d 14 (Fla. 1st DCA) (Nimmons, J. concurring), rev. denied, 453 So.2d 45 (Fla.1984); Moore v. State, 392 So.2d 277 (Fla. 5th DCA 1980) (Cowart, J. concurring). See also Robinson v. State, 458 So.2d 1132, 1133 (Fla. 4th DCA 1984) (trial court vested with broadest possible discretion in determining whether to retain jurisdiction; that discretion not totally unbridled). This question has been certified: Wilson; Sanante.

. Because these reasons are factored into the computation of the guidelines’ score, they could not be used again as a basis for going outside the guidelines to enhance the sentence further. We take no position, however, on whether appellant’s post-arrest admissions that he knew that the two co-perpetrators were abusing the victim and that the victim’s confinement obviously aided his robbery would be sufficient justification for going outside the guidelines.