PER CURIAM.
This is the second appearance of this case, arising out of the defendant’s sentencing. On the first occasion, we affirmed the judgment and sentence but reversed the retention of jurisdiction over the first one-third of the sentence and remanded with direction so that defendant could be apprised of the reasons for retention prior to pronouncement of sentence. Larkin v. State, 474 So.2d 1282 (Fla. 4th DCA 1985).
The defendant now contends each of the five reasons given for retention were legally insufficient; and if any one of the five was such, the retention must be vacated. We are convinced beyond a reasonable doubt that even if the first reason given by the trial court is questionable, the trial court would have retained jurisdiction on the basis of the other four, unquestionably sufficient reasons. The trial court, moreover, stated that it retained jurisdiction because of each of the reasons, not all of them.[1]
*158 The trial court could not retain jurisdiction over both of the concurrent sentences for armed robbery, however, as the state acknowledges. Thomas v. State, 484 So.2d 1372 (Fla. 3d DCA 1986).
Accordingly, we affirm the trial court’s retention of jurisdiction but remand for vacating retention as to one of the concurrent sentences.
DOWNEY, GLICKSTEIN and GUNTHER, JJ., concur.

.The five reasons given by the trial court were:
1. The trial testimony showed that the robberies involved the use of a .25 caliber automatic handgun.
2. The two innocent victims were threatened with death if they did not comply with the demands of the Defendant.
3. The victims, pharmacist Howard Fisher and Lawrence Fisher, were tied and bound with electrical cord and adhesive tape.
4. Seventy-three (73) year old victim Lawrence Fisher and his son Howard, went through thirty (30) minutes of terror and captivity at the hands of the Defendant.
5.Further, the Defendant has previously been convicted of Armed Robbery in three (3) other cases involving a total of five (5) innocent victims in our community who were threatened with death by the armed Defendant. Additionally, the Defendant was convicted on March 22, 1984 of Armed Kidnapping and Armed Robbery involving three more innocent victims.