EHRLICH, Justice.
We have for our review Ross v. State, 463 So.2d 241 (Fla. 4th DCA 1984), wherein the district court certified the following question of great public importance:
WHETHER THE CRIMES FOR WHICH THE DEFENDANT WAS SENTENCED TO CONSECUTIVE THREE-YEAR MINIMUM TERMS PURSUANT TO SECTION 775.087(2), FLORIDA STATUTES, WERE “OFFENSES [WHICH AROSE] FROM SEPARATE INCIDENTS OCCURRING AT SEPARATE TIMES AND PLACES” WITHIN THE MEANING OF THE RULE ANNOUNCED IN PALMER V. STATE, 438 So.2d 1 (FLA.1983).
We have jurisdiction, article V, section 3(b)(4), Florida Constitution, and answer the question in the affirmative.
A full recitation of the facts of this cause appears in our opinion reported as Murray v. State, 491 So.2d 1120 (Fla.1986). Ross, the petitioner herein, and his co-defendant Murray were tried separately, but were both charged by information with five offenses against the same victim: Count I, kidnapping; Count II and Count III, sexual batteries; Count IV, robbery; and Count V, attempted first-degree murder. Petitioner was found guilty as charged on Counts I through IV and guilty of attempted second-degree murder on Count V. Each count charged that petitioner and Murray had possession of a firearm during the commission of these felonies. Petitioner was sentenced to one hundred years imprisonment on each of the first four counts and fifteen years on Count V. Three year mandatory minimum sentences were imposed on Counts I through IV, as those crimes involved use of a firearm, section 775.087(2), Florida Statutes (1983). The sentences on all counts were to run consecutively.
*1016 On appeal the Fourth District Court of Appeal reversed and remanded for imposition of concurrent mandatory minimum sentences for the two sexual batteries and consecutive mandatory minimum sentences for the robbery and kidnapping. The court affirmed the judgments and sentences in all other respects. On rehearing, the district court certified the question now before us.
The answer to this question was set forth in Murray, wherein we reasoned that imposition of two consecutive sentences was proper as the sexual battery occurred in one place and constituted one invasion of the victim while the robberies occurred in other places and were a “separate and additional violation of the victim’s most basic rights.” At 1124. Sub judice, we agree with the district court that the original kidnapping and subsequent robbery were sufficiently separate to justify imposition of consecutive mandatory minimum sentences for those two crimes.
Accordingly, we answer the certified question in the affirmative and approve the decision of the district court below.*
It is so ordered.
MCDONALD, C.J., and ADKINS, BOYD, OVERTON and SHAW, JJ., concur.

 Petitioner raises two additional issues which we find meritless.