544 So.2d 1052 (1989)
Joseph Randolph RAGAN, Petitioner,
v.
Richard DUGGER, Etc., Respondents.
No. 88-2607.
District Court of Appeal of Florida, First District.
May 25, 1989.
Rehearing Denied June 27, 1989.
*1053 Joseph Randolph Ragan, pro se.
Robert A. Butterworth, Atty. Gen., and Gary L. Printy, Asst. Atty. Gen., for respondents.
PER CURIAM.
Ragan filed a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel for failing to present for review the trial court's failure to give contemporaneous, specific reasons for retaining jurisdiction as required by § 947.16, Florida Statutes (1981). We grant the petition for writ of habeas corpus and remand this case to the trial court.
Ragan was convicted of two counts of armed robbery with a firearm in connection with a robbery that occurred in January of 1982. On August 23, 1982, Ragan and two codefendants, Andrew Edgecombe and James Thompson, were sentenced. James Thompson was sentenced first. The court retained jurisdiction over his sentence stating that "[t]hese were heartless, pitiless crimes, showed [sic] totally a lack of any respect for law, and I perceive that this man is an extremely dangerous individual."
Next, Ragan was sentenced to two 45-year terms to run consecutively. The trial court retained jurisdiction over one-third of the sentence imposed "for the same reasons that I have previously ascribed in retaining jurisdiction in the case of James Thompson." This statement regarding Ragan does not satisfy the requirement of § 947.16(3)(a), Florida Statutes, that justification for retention of jurisdiction be stated with individual particularity. Abbott v. State, 421 So.2d 24 (Fla. 1st DCA 1982). At the time of Ragan's direct appeal, case law had established that retention of jurisdiction was invalid absent a statement from the trial judge justifying the retention of jurisdiction with sufficient particularity. Abbott, supra; Saname v. State, 427 So.2d 1083 (Fla. 1st DCA 1983).
The state argues that the petition for writ of habeas corpus is untimely. Ragan filed a direct appeal from his conviction and sentence and this court affirmed that conviction. Edgecombe (Ragan) v. State, 455 So.2d 1034 (Fla. 1st DCA 1984). As the mandate in that case was issued September 25, 1984, Ragan's judgment and sentence became final prior to January 1, 1985. Therefore, pursuant to Rule 3.850, Florida Rules of Criminal Procedure, Ragan had until January 1, 1987, to file a motion for relief in accordance with that rule. The state argues that as this petition for writ of habeas corpus was filed after January 1, 1987, Ragan is time barred.
The January 1, 1987, time limitation is directed to a motion for relief pursuant *1054 to Rule 3.850. The proper method by which to raise a claim of ineffective assistance of appellate counsel is by petition for writ of habeas corpus directed to the appellate court which considered the direct appeal. Smith v. State, 400 So.2d 956 (Fla. 1981). A claim of ineffective assistance of appellate counsel is not properly raised in a motion for relief pursuant to Rule 3.850. Irby v. State, 454 So.2d 757 (Fla. 1st DCA 1984); Futch v. State, 420 So.2d 905 (Fla. 3rd DCA 1982). Because Ragan does not seek relief pursuant to Rule 3.850, the jurisdictional time bar of that rule is not applicable to this case. We decline the state's suggestion that a jurisdictional time limit be borrowed from the rules of criminal procedure and applied to the rules of appellate procedure.
We find appellate counsel was ineffective for failing to allege as error the trial court's failure to state with particularity the justification for retention of jurisdiction. This case is remanded with instructions to the trial court to either relinquish retention of jurisdiction or to enter an order setting out the particular facts or circumstances of the crime or the particular characteristics and propensity of petitioner which justified retention of jurisdiction.
SMITH, C.J., and ZEHMER, J., concur.
NIMMONS, J., dissents with written opinion.
NIMMONS, Judge, dissenting.
I believe that the reasons given by the trial court for retaining jurisdiction over the appellant and his codefendant Thompson were sufficiently stated and were not contrary to Abbott v. State, 421 So.2d 24 (Fla. 1st DCA 1982).
With respect to the state's argument that we apply the two-year limitation period provided for in Rule 3.850, I am compelled to agree with the majority that such limitation period is not applicable because we are dealing with habeas corpus, not Rule 3.850. I must say, however, that it makes little sense to apply a two-year limitation period with respect to a motion to vacate based upon ineffective assistance of trial counsel and not apply a similar limitation to a habeas petition seeking belated appeal based upon ineffective assistance of appellate counsel. It seems obvious that consideration should be given to the establishment of an appellate rule which would place the same kind of time limitation on habeas motions filed in the appellate court as is provided by Rule 3.850 with respect to motions to vacate filed in the trial court.
I would affirm.