PARKER, Judge.
William Reed raises three issues in this appeal of his judgment and sentences. We conclude that the only issue of merit concerns the stacking of two mandatory minimum sentences.
Reed challenges two consecutive mandatory minimum three-year sentences he received for armed robbery and kidnapping with a firearm.[1] Our review of the record reflects that in one continuous period, the following events set forth below occurred. Reed asked the driver of a pickup truck to give him a ride from Manatee County to Sarasota. The driver agreed, and Reed rode in the back of the truck. When they arrived at Center Ring Road in Sarasota, Reed stuck a handgun to the head of the driver, drove the pickup truck a short distance with the driver, returned to Center Ring Road, ordered the driver out of the truck, tied the driver to a tree, gagged him, stole money and personal items, and drove away in the truck. The entire episode lasted approximately twenty minutes.
We recognize that consecutive mandatory minimum sentences for the use of a firearm can be imposed properly for offenses committed in the course of a seemingly continuous criminal episode when different offenses are committed on the same victim. These consecutive sentences are permitted when one offense oc *981 curs in one place and constitutes one invasion of the victim, and the other offense occurs in another place and represents a separate and additional violation of the victim’s rights. Murray v. State, 491.So.2d 1120 (Fla.1986).[2]
We further recognize, however, that the consecutive stacking of mandatory minimum sentences for the use of a firearm is prohibited when the offenses occurred during a single, criminal episode. Wilson v. State, 467 So.2d 996 (Fla.1985)[3]; Palmer v. State, 438 So.2d 1 (Fla.1983). We conclude in this case that the short, continuous nature of the kidnapping and armed robbery constitutes a single, continuous episode for sentencing purposes under the mandatory minimum sentencing statutes. Consequently, consecutive mandatory minimum sentences are improper.
Reversed and remanded with directions to the trial court to impose concurrent mandatory minimum sentences on counts I and II of the amended information. Reed’s presence is not required for this resentenc-ing. Otherwise, the judgment and sentences are affirmed.
SCHOONOVER, C.J., and THREADGILL, J., concur.

. Under section 775.087, Florida Statutes (1987), a person convicted of robbery or kidnapping, among other crimes, and who had in his possession a firearm will be sentenced to a minimum of three years’ imprisonment.

. In Murray, the defendant and a cohort abducted a woman at gunpoint from Pompano Beach. Murray drove while his companion pointed the gun at the victim and robbed her of money. Murray parked the car in Deerfield Beach where the two men sexually assaulted the victim and took the necklace she was wearing. They drove the victim to a nearby wooded area where she was left for dead and stole her car. The supreme court held that the sexual batteries of the victim were sufficiently separate in nature, time, and place from the armed robbery of the money while the victim was in her car and the theft of the car after the sexual batteries in a different location to justify application of the consecutive mandatory minimum sentences.

. In Wilson, the supreme court held that the defendant’s offenses occurred during a single, continuous episode where Wilson, armed with a gun, confronted his victim as she attempted to enter her apartment, forced her into his car, drove a short distance, and raped her.