PER CURIAM.
James Thompson petitions this court for a writ of habeas corpus, alleging that his appellate counsel was ineffective. We have jurisdiction, Knight v. State, 394 So.2d 997 (Fla.1981). For the following reasons, we deny the petition.
In 1982 a jury found Thompson guilty of two counts of armed robbery and he also pleaded guilty to two robbery charges. He was sentenced on these charges to a total of 120 years imprisonment and the trial judge retained jurisdiction over one-third of the sentence pursuant to section 947.16, Florida Statutes (1981). In his direct ap *29 peal, counsel argued that there was error in the trial court’s denial of a motion to suppress, and no mention was made of the retention of jurisdiction. The appeals of Thompson and his two co-defendants, Ed-gecombe and Ragan, were consolidated and the judgments and sentences were affirmed without opinion. Edgecombe v. State, 455 So.2d 1034 (Fla. 1st DCA1984).
Thompson’s petition to this court contends that his appellate counsel was ineffective in failing to argue that the trial judge’s retention of jurisdiction over his sentence did not satisfy the statutory requirement that the reasons for such retention be stated with sufficient particularity. Abbott v. State, 421 So.2d 24 (Fla. 1st DCA1982). Petitioner does not allege that trial counsel made any objection to the retention of jurisdiction or the reasons given therefor.
In order to show entitlement to relief, a claim of ineffective assistance of appellate counsel must identify counsel's omission with particularity, must show that it was a substantial and serious deficiency measurably below that of competent counsel, and must show the deficiency affected the outcome of the proceedings. Knight, 394 So.2d at 1001. Appellate counsel, however, is not ineffective in failing to present an issue which is neither fundamental error nor properly preserved for appeal. McKinney v. Wainwright, 458 So.2d 1149 (Fla. 1st DCA1984).
The initial brief on behalf of Mr. Thompson in his direct appeal was filed on May 1, 1984. At that time, this court was of the view that the adequacy of reasons for retaining jurisdiction over sentence was only cognizable on direct appeal if properly preserved by objection. See Cofield v. State, 453 So.2d 409 (Fla. 1st DCA1984); Snow v. State, 443 So.2d 1074 (Fla. 1st DCA1984); Sawyer v. State, 401 So.2d 939 (Fla. 1st DCA1981). Subsequently, the Supreme Court of Florida resolved an inter-district conflict and overruled this court’s Sawyer decision and its progeny in Walker v. State, 462 So.2d 452 (Fla.1985). It is clear, however, that at the time Thompson’s initial brief was filed in his direct appeal, Sawyer, Cofield and Snow were the law in this district and the court would not have considered the retention of jurisdiction issue on the ground that it was not properly preserved for appeal. Appellate counsel’s performance must be measured in terms of the law in effect at the time of the appeal, and not in hindsight. Appellate counsel is not ineffective for failing to anticipate a change in law. Knight, 394 So.2d at 1002-03. We therefore conclude that Thompson’s counsel was not ineffective for failing to present this issue in the direct appeal, and we deny the petition for writ of habeas corpus.
In reaching this result, we are aware that it is inconsistent with the disposition of a similar petition filed by Thompson’s co-defendant in Ragan v. Dugger, 544 So.2d 1052 (Fla. 1st DCA1989). The narrow basis on which we deny relief here, however, was not raised by respondent in the Ragan proceeding nor did the court identify it at that time on its own, as we did in this case.
Because this issue was not cognizable in Thompson’s direct appeal at the time of that appeal, Thompson may seek relief in the trial court pursuant to Florida Rule of Criminal Procedure 3.800, see Adams v. State, 462 So.2d 884 (Fla. 2d DCA1985).
PETITION FOR WRIT OF HABEAS CORPUS DENIED.
JOANOS, C.J., and KAHN and WEBSTER, JJ., concur.