WOLF, Judge.
James Waters challenges his conviction and sentence for armed kidnapping with a firearm, sexual battery with a firearm, auto *1110 theft, and robbery with a firearm. Appellant raises two issues on appeal: (1) Whether the trial court erred by imposing consecutive mandatory-minimum sentences for the kidnapping with a firearm, and sexual battery with a firearm convictions; and (2) whether the trial court erred by departing from the sentencing guidelines. We find no merit as to issue two, and affirm. As to issue one, we find that the kidnapping and sexual battery were part of the same criminal episode, and thus it was error to impose consecutive mandatory mínimums. Wilson v. State, 467 So.2d 996 (Fla.1985).
The facts in this case are indistinguishable from Wilson and Cox v. State, 605 So.2d 978 (Fla. 4th DCA 1992), both cases involving armed rape and armed kidnapping. In Wilson, as in the instant case, the victim was confronted with a gun and abducted, and was raped soon thereafter a short distance away. In the cases relied on by the dissent (Ross v. State, 493 So.2d 1015 (Fla.1986); Murray v. State, 491 So.2d 1120 (Fla.1986); and Parker v. State, 633 So.2d 72 (Fla. 1st DCA), rev. denied, 639 So.2d 980 (Fla.1994)), crimes constituting a distinct violation of the victim’s rights were completed at one location, and a subsequent crime involving another invasion of the victim’s rights was begun and completed at another location. In Ross, supra, and Murray, supra, the victim was robbed in one location, and the sexual battery occurred at another. In Parker, supra, the attempted murder and arson occurred outside the home, but burglary and sexual battery had occurred inside the homes.
Under the authority of Wilson, supra, we are required to vacate the consecutive mandatory-minimum sentences, and remand for correction in accordance with this opinion.
VAN NORTWICK, J., concurs.
BOOTH, J., concurring in part and dissenting in part with written opinion.