429 So.2d 722 (1983)
Thomas OVERTON, Appellant,
v.
STATE of Florida, Appellee.
No. AL-23.
District Court of Appeal of Florida, First District.
March 17, 1983.
Rehearing Denied April 28, 1983.
*723 Melanie Ann Hines, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
WIGGINTON, Judge.
Appellant seeks review of his conviction of armed robbery, after trial by jury, entry of final judgment and sentence to ninety-nine years in prison. The trial judge reserved jurisdiction over one-third of the sentence for parole review purposes. We affirm.
Overton complains that it was error to disallow testimony concerning his exculpatory statements made immediately upon apprehension as those statements fall within the res gestae exception to the hearsay rule and therefore are admissible, citing Section 90.803(2) relating to "excited utterance." During the trial, defense counsel attempted to elicit from a deputy sheriff witness the statement appellant made to him at the scene of the arrest. The deputy's proffered testimony was to the effect that Overton told him he had "the wrong guy" and that the police were letting the "right guy" get away. Appellant's professed purpose of offering the statement was to show his state of mind at the time of apprehension and to show that he did not have time to fabricate his version of the events. The trial court was correct in sustaining the state's objection on the ground that the statement was "self-serving." Although the statement was made at the time of Overton's apprehension and may be considered as part of the res gestae, if it is so self-serving and made under circumstances that indicate its lack of trustworthiness, then it should be excluded. See Section 90.803(1), Florida Statutes (1981).
Appellant's contention that the trial court failed to state with individual particularity the justification for retaining jurisdiction over the sentence for purposes of parole review is without merit. The record reveals sufficient justification for retaining jurisdiction and the court's observations and enumeration of offenses accord with Section 947.16(3), Florida Statutes (1981).
The imposition of a ninety-nine year sentence and retention of jurisdiction for one-third of the sentence does not compel a mandatory minimum sentence of thirty-three and one-third years but permits the trial judge to control parole review during that maximum period of time. See Harmon v. State, 416 So.2d 835 (Fla. 1st DCA 1982).
AFFIRMED.
SHIVERS and BOOTH, JJ., concur.