533 So.2d 1187 (1988)
Albert James HARRIS, III, Appellant,
v.
STATE of Florida, Appellee.
No. 86-3149.
District Court of Appeal of Florida, Second District.
November 18, 1988.
*1188 James Marion Moorman, Public Defender, and Robert Mack, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
The appellant has raised and we have considered four issues on appeal, only one of which is meritorious, i.e., the validity of the enhanced sentence. The appellant was convicted of second degree murder and sentenced to thirty years in prison, a departure from the recommended guidelines sentence of twelve to seventeen years. Our review of the record results in agreement with the appellant's contention that the reasons for departure are inappropriate.
The first departure ground relied upon by the trial court was the "savage nature" of the killing. The statutory definition of second degree murder includes "any act imminently dangerous to another and evincing a depraved mind regardless of human life, ... ." § 782.04(2), Florida Statutes (1987). Inherent components of a crime may not serve as a basis for departure; therefore, this reason cannot stand. Lamond v. State, 500 So.2d 342 (Fla. 5th DCA 1986).
The trial court's second reason for departure was the age of the victim. Age is an unacceptable predicate for departure unless it is shown that the crime was achieved through the victim's vulnerability stemming from either tender or advanced years. In the present case, the victim's age, nineteen, did not contribute to the appellant's ability to execute the crime; hence, this reason for departure fails. See Cromer v. State, 514 So.2d 416 (Fla. 1st DCA 1987).
The final factor relied upon by the trial court to enhance the appellant's sentence was the psychological trauma inflicted upon the victim's family and especially her mother. It is settled that psychological trauma may be used to support departure but only when it results from extraordinary circumstances or produces a discernible physical manifestation. State v. Rousseau, 509 So.2d 281 (Fla. 1987). The victim's mother testified she anguished, and we have no doubt that she did, not knowing where her daughter was for seven months. Acknowledging the emotional pain suffered by the victim's mother, however, we cannot agree that the record supports the nature or degree of trauma envisioned in Rousseau. No other member of the victim's family testified.
The appellant's conviction is affirmed. The sentence is reversed and we remand for resentencing within the recommended guidelines range. Shull v. Dugger, 515 So.2d 748 (Fla. 1987).
RYDER, A.C.J., and LEHAN, J., concur.