614 So.2d 1216 (1993)
Lazaro MACIAS, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-118.
District Court of Appeal of Florida, Third District.
March 16, 1993.
John C. Schaible, Florida Institutional Legal Services, Gainesville, for appellant.
Robert A. Butterworth, Atty. Gen., and Marc E. Brandes, Asst. Atty. Gen., for appellee.
Before HUBBART, BASKIN and JORGENSON, JJ.
PER CURIAM.
This is an appeal by the defendant Lazaro Macias from a trial court order denying *1217 his motion to correct an illegal sentence under Rule 3.800(a), Florida Rules of Criminal Procedure. The defendant contends that the reasons given by the trial court in its order retaining jurisdiction over one-third of the defendant's sentence [§ 947.16(3), Fla. Stat. (1981)] were legally insufficient, and that, accordingly, the subject retention of jurisdiction should be vacated. We agree and reverse.
First, we reject the state's sole argument on this appeal that an attack on the legal sufficiency of a trial court order retaining jurisdiction over one-third of the prison sentence [§ 947.16(3), Fla. Stat. (1981)] cannot be raised on a motion to correct illegal sentence under Rule 3.800(a) and can only be raised on a direct appeal. We conclude that where the order contains, as here, legally insufficient reasons for retaining such jurisdiction, that portion of the sentence which retains jurisdiction in the trial court for one-third of the prison sentence imposed is clearly illegal and may be vacated on a motion to correct illegal sentence under Rule 3.800(a). See Anderson v. State, 584 So.2d 1127 (Fla. 4th DCA 1991); cf. State v. Chaplin, 490 So.2d 52 (Fla. 1986); Thomas v. State, 611 So.2d 1329, (Fla.3d DCA 1993).
Second, we conclude, and the state does not disagree, that the reasons given by the trial court in its order retaining jurisdiction over one-third of the defendant's sentence are legally insufficient. As the defendant correctly contends, the reasons given suffer from a variety of legal deficiencies which we will not burden this opinion to analyze in any detail. Suffice it to say that some of the reasons given are flatly inconsistent with the jury verdict; others are vague, conclusory, insubstantial, and, without dispute, unsupported by the record. None, either individually or collectively, justify the trial court's retention of jurisdiction. See Cahill v. State, 489 So.2d 1219 (Fla. 2d DCA 1986); Robinson v. State, 458 So.2d 1132 (Fla. 1st DCA 1984); Owen v. State, 441 So.2d 1111 (Fla. 3d DCA 1983), motion denied, 446 So.2d 100 (Fla. 1984).
The order under review denying the defendant's motion to correct illegal sentence under Rule 3.800(a) is reversed, and the cause is remanded to the trial court with directions to grant the motion and vacate the order retaining jurisdiction over one-third of the defendant's prison sentence.
Reversed and remanded.