ERVIN, Judge.
Appellant, Alfred D. Jones, appeals his conviction and judgment, claiming that the trial court erred in submitting the case to the jury, because the prosecution failed to establish the essential elements of the of *237 fense for which he was convicted, sale of an imitation controlled substance, and because there was confusion regarding whether claimant was charged with sale of an imitation controlled substance or with sale of a substance in lieu of a controlled substance. We affirm the conviction, but reverse and remand the judgment for correction of a technical error in the description of the offense.
Throughout the proceedings below, the terms, “sale of a substance in lieu of a controlled substance,” proscribed by Section 817.563, Florida Statutes (1989), and “sale of an imitation controlled substance,” an offense under Section 817.564, Florida Statutes (1989), were used interchangeably. Although the jury was exposed several times to the erroneous title of the information, “sale of imitation controlled substance,” the court’s discussion of the content or substance of the charging offense tracked the language of section 817.563, i.e., sale of a substance in lieu of a controlled substance. The body of count I of the information, all of the evidence at trial, and the court’s final instructions to the jury all pointed to the offense proscribed by section 817.563. Consequently, we conclude that the jury intended to convict Jones of sale of a substance in lieu of a controlled substance, and not sale of an imitation controlled substance.[1] Cf. Lewis v. State, 154 Fla. 825, 19 So.2d 199 (1944); Cotton v. State, 395 So.2d 1287 (Fla. 1st DCA 1981).
Because, however, the judgment form states that Jones was found guilty in count I of “SALE OF IMITATION CONTROLLED SUBSTANCE” under section “817.563(1),” thus referring to the correct statute number but the wrong title, we reverse the judgment and remand the case with directions that the final judgment be corrected by identifying the offense under count I as “sale of a substance in lieu of a controlled substance.”
AFFIRMED in part, REVERSED in part and REMANDED.
WOLF, J., and SHIVERS, Senior Judge, concur.

. Sale of an imitation controlled substance requires as an essential element that the substance sold be subject to abuse. That element was never pleaded by the state nor proven by the evidence. Thus, appellant's issue that the court erred in refusing to instruct on sale of an imitation controlled substance is without merit. We also reject Jones’s contention that the state failed to prove that Jones represented that the substance he sold was crack cocaine.