734 So.2d 1113 (1999)
Norris Gecorvis WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-04939.
District Court of Appeal of Florida, Second District.
May 7, 1999.
Rehearing Denied May 27, 1999.
*1114 PER CURIAM.
Norris Williams appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. We affirm because we find that neither of Williams' claims would render his sentence illegal for the purposes of rule 3.800 as defined by Davis v. State, 661 So.2d 1193 (Fla.1995). Williams' first allegation, that the trial court erred in failing to provide adequate reasons for imposing a departure sentence, is not cognizable in a rule 3.800 motion. See id. Williams' second allegation that the trial court may have erroneously believed that the imposition of a habitual offender sentence was mandatory, thus entitling him to resentencing pursuant to Burdick v. State, 594 So.2d 267 (Fla.1992)-likewise is not subject to review under rule 3.800 as an illegal sentence as defined in Davis. See, e.g., Lee v. State, 679 So.2d 1158 (Fla.1996) (holding that the court's erroneous failure to consider whether defendant qualified for discretionary youthful offender sentencing did not render sentence illegal for the purposes of rule 3.800).
Affirmed.
BLUE, A.C.J., and FULMER and SALCINES, JJ., Concur.