764 So.2d 829 (2000)
Timothy W. HAMPTON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-0433.
District Court of Appeal of Florida, First District.
August 1, 2000.
Pro se, for Appellant.
Robert A. Butterworth, Attorney General; James W. Rogers, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
A jury found Timothy Hampton, the appellant, guilty of one count of second-degree murder; he was sentenced in May 1982 to 75 years' imprisonment. The trial court included a special provision, pursuant to section 947.16(3), Florida Statute (1981), whereunder it retained jurisdiction over the first third of the appellant's sentence, i.e., 25 years, to monitor any Parole Commission release order. The appellant filed a November 1999 motion to correct the sentence, alleging that the reasons given by the sentencing court to justify the retention of jurisdiction over one-third of *830 the sentence are legally insufficient, with the result that the sentence is illegal. See State v. Mancino, 714 So.2d 429, 433 (Fla. 1998) ("illegal sentence" includes one "that patently fails to comport with statutory or constitutional limitations"). A December 1999 order of the trial court includes an attachment of a portion of the 1982 sentencing transcript in support of the court's conclusion that the earlier pronouncement provided legally sufficient reasons to satisfy the requirements of section 947.16(3)(a), Florida Statutes (1981)[1]. The appellant challenges the denial of his motion to correct the sentence. Having determined that the reasons originally given by the sentencing court in 1982 (and accepted by the trial court in its 1999 order) fail to satisfy the "individual particularity" requirements of statutory subsection (3)(a), we vacate the order retaining jurisdiction over the first third of the appellant's sentence and remand with instructions to the trial court either to relinquish the retention of jurisdiction or to make specific, individualized findings in accordance with the statutory requirements.
"A court may at any time correct an illegal sentence imposed by it." Fla. R.Crim. P. 3.800(a). A motion to correct sentence is a proper means of challenging the legal sufficiency of an order retaining jurisdiction over one-third of the sentence. See Macias v. State, 614 So.2d 1216 (Fla. 3d DCA 1993). "It is established that retention of jurisdiction is a harsher penalty than a sentence for the same number of years without retention." Harden v. State, 428 So.2d 316, 317 (Fla. 4th DCA 1983).
To satisfy the requirements of statutory subsection (3)(a), a trial court must state with individual particularity the justification for retaining jurisdiction over a portion of the sentence. See Sanders v. State, 400 So.2d 1015 (Fla. 2d DCA 1981). This "specificity and particularity" requirement is not satisfied where a trial court merely refers generally to the "circumstances surrounding the particular incidents," "the nature of both offenses," "the seriousness of the offenses," and "the gravity of the offenses," without setting out any specific facts and circumstances of the crimes. See Abbott v. State, 421 So.2d 24 (Fla. 1st DCA 1982) (statement of justification for retention of jurisdiction under § 947.16(3) failed to satisfy statute's "specificity and particularity" requirement); Saname v. State, 427 So.2d 1083 (Fla. 1st DCA 1983) (sentencing judge failed to state justifications for retention of jurisdiction with sufficient specificity). Likewise, the statutory requirement is not met when the findings are vague, conclusory, and insubstantial, or are unsupported by the record. See Macias, 614 So.2d at 1217.
In the case at bar, the sentencing court merely stated:
[T]he reason for which I am retaining jurisdiction is that your past record of all manner of offenses, both as a juvenile and an adult, indicates to me a total disrespect for the law; that you apparently *831 cannot live in a lawful society and require institutionalization.
In its order denying the motion to correct the sentence, the trial found this explanation legally sufficient. This constitutes reversible error.
In the analogous context of requisite factual findings to support habitualization, Florida courts have held that such a generalized conclusion, without specific supporting facts, indicating that "the defendant's record" supports an enhanced sentence, is not sufficient. See, e.g., Berry v. State, 484 So.2d 86 (Fla. 2d DCA 1986); Scott v. State, 446 So.2d 261 (Fla. 2d DCA 1984). Cf. Overton v. State, 429 So.2d 722 (Fla. 1st DCA 1983) (trial court adequately justified retention of jurisdiction by including specific observations and enumerating defendant's offenses). Because the challenged findings are no more specific than the findings that we deemed inadequate for purposes of section 947.16(3) in Abbott, 421 So.2d at 24, we VACATE the sentencing order retaining jurisdiction over one-third of the sentence and REMAND, with instructions.
ERVIN and LAWRENCE, JJ., CONCUR.
NOTES
[1] The pertinent provisions of the statute state:

947.16 Eligibility for parole; powers and duties of commission.
(1) Every person who has been, or who may hereafter be, convicted of a felony ... who is confined in execution of the judgment of the court, and whose record during confinement is good, shall, unless otherwise provided by law, be eligible for consideration for parole.
* * *
(3) Persons who have become eligible for parole and who may, according to the objective parole guidelines of the commission, be granted parole shall be placed on parole in accordance with the provisions of this law; except that, in any case of a person convicted of murder, ... at the time of sentencing the judge may enter an order retaining jurisdiction over the offender for review of a commission release order. This jurisdiction of the trial court is limited to the first third of the maximum sentence imposed....
(a) In retaining jurisdiction for the purposes of this act, the trial judge shall state the justification with individual particularity, and said justification shall be made a part of the court record.