825 So.2d 513 (2002)
Reinaldo HERNANDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-2518.
District Court of Appeal of Florida, Fourth District.
September 11, 2002.
Reinaldo Hernandez, Miami, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant filed a rule 3.800(a) motion challenging the trial court's retention of *514 jurisdiction over one-third of his sentence, claiming that the retention was illegal because the trial court failed to give any reasons for the retention of jurisdiction. This is a proper claim for relief under rule 3.800(a). See Bingham v. State, 813 So.2d 1021 (Fla. 1st DCA 2002); Hampton v. State, 764 So.2d 829 (Fla. 1st DCA 2000); Macias v. State, 614 So.2d 1216 (Fla. 3d DCA 1993).
The trial court erred in summarily denying appellant's motion as improper under rule 3.800(a). We reverse and remand to the trial court to either relinquish the retention of jurisdiction over appellant's sentence or to make specific individual findings in accordance with the statute on retention of jurisdiction. Bingham.
REVERSED AND REMANDED.
FARMER, STEVENSON and TAYLOR, JJ. concur.