ON MOTION FOR REHEARING

SHARP, W., J.
We deny Demo’s motion for rehearing. This court per curiam affirmed the trial court’s summary denial of his Florida Rule of Criminal Procedure 3.800(a) motion. Demo argues on rehearing that our affir-mance is inconsistent with our prior opinions in which we have required the trial court to attach portions of the record supporting the basis for the summary denial of relief. See, e.g., Moore v. State, 741 So.2d 577 (Fla. 5th DCA 1999).
In this case, the trial court concluded that the legal sufficiency of the reasons for the sentencing judge’s departure sentence had been affirmed numerous times and thus this motion was successive. However, the trial court did not attach copies of prior motions or briefs in the direct appeal raising this issue.
Nonetheless, this court’s own records establish that the departure reasons were challenged in Demo’s direct appeal filed with this court. This court retains copies of its criminal appeals, including bench memos, dating back to 1989 when Demo’s direct appeal was taken, and earlier. Thus our determination that a post-conviction motion is successive need not depend solely on attachments by the trial court.
However, the basis for our affirmance in this cause was that a challenge to the validity of departure reasons cannot be raised in a rule 3.800(a) motion. See Williams v. State, 734 So.2d 1113 (Fla. 2d DCA 1999); Pula v. State, 652 So.2d 981 (Fla. 5th DCA 1995). Further, Demo’s Apprendi[1] challenge to his sentence was also legally insufficient on its face because his sentence does not exceed the statutory maximum for the offense. See Hall v. State, 823 So.2d 757 (Fla.2002); Henly v. State, 812 So.2d 549 (Fla. 5th DCA 2002).
Motion for Rehearing DENIED.
PETERSON and PALMER, JJ., concur.

. Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).