835 So.2d 1224 (2003)
Alvin KING, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-4545.
District Court of Appeal of Florida, Second District.
January 29, 2003.
*1225 DAVIS, Judge.
Alvin King was convicted at jury trial of armed robbery and attempted murder in the second degree in 1981. The trial court sentenced King to ninety-nine years' incarceration on the armed robbery charge and to thirty years on the attempted murder charge, the sentences to run consecutively. The trial judge retained jurisdiction over the first one-third of each sentence pursuant to section 947.16, Florida Statutes (1979). To support the retention of jurisdiction, the trial court gave the following reasons:
1. The use of a firearm in the commission of the robbery,
2. The discharge of the weapon and the shooting of the victim in the course of the robbery, and
3. King's extensive prior criminal record "as disclosed by the rap sheet handed to the Court by the State."
King challenged the sufficiency of the court's reasons by filing a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). We observe first that rule 3.800(a) was the proper vehicle to challenge the court's reservation of jurisdiction since the reservation effectively imposed a "harsher penalty" upon King, resulting in a potentially *1226 improper sentence enhancement. See State v. Williams, 397 So.2d 663 (Fla. 1981); Hampton v. State, 764 So.2d 829 (Fla. 1st DCA 2000).
King contends that the first two reasons given for reserving jurisdiction were insufficient because each one uses an essential element of the offense charged to enhance the sentence. The first reason offered for the enhancement, King's use of a firearm in committing the robbery, is an essential element of King's armed robbery conviction. Likewise, the second reason, King's discharge of the weapon and shooting of the victim, is an essential element of King's attempted second-degree murder conviction.
King is correct. An element of the offense cannot be used to enhance the penalty because the elements of the offense already have been factored into the sentencing scheme by increasing the level of the offense charged. See Harris v. State, 533 So.2d 1187 (Fla. 2d DCA 1988). Although Harris concerns a departure sentence under the guidelines, not a reservation of jurisdiction as here, the reasoning of Harris applies here by analogy because in both situations the trial court must justify the sentence enhancement with "individual particularity." Because each of the first two reasons given for the enhancement use essential elements of King's convictions, they are insufficient.
Finally, the third reason offered, King's extensive prior criminal record, is also insufficient. In order to use the defendant's prior criminal history as a reason to retain jurisdiction, the court must make the history a "matter of record." Robinson v. State, 458 So.2d 1132 (Fla. 4th DCA 1984). The record in this case does not disclose whether the "rap sheet" referred to by the trial judge at sentencing was made a part of the record or what that rap sheet disclosed. Although the trial court did later reduce the reasons to writing, this record does not include that written order. Accordingly, in the absence of the criminal history, on this record we cannot determine that this is a sufficient reason to justify the retention of jurisdiction. We therefore reverse and remand for resentencing, at which time the trial court should either vacate its retention of jurisdiction over the sentence or state its justification for retention with sufficient specificity as required by the statute. See Cahill v. State, 489 So.2d 1219 (Fla. 2d DCA 1986).
Reversed and remanded.
FULMER and COVINGTON, JJ., concur.