PER CURIAM.
We affirm appellant’s convictions in this case. The judgment of conviction reflects that under count III, appellant was convicted of grand theft with a firearm. The trial judge properly instructed the jury only on the crime of grand theft as a lesser included offense of attempted carjacking. He did not also give an instruction on attempted grand theft. Unlike State v. Sykes, 434 So.2d 325 (Fla.1983), this was not a case where the jury was charged on attempted grand theft and, as a separate crime, grand theft. The verdict forms given to the jury for count III were for attempted carjacking with a firearm, attempted grand theft, attempted battery, aggravated assault, battery, and assault. The defendant did not object at trial to either the verdict forms or the charge to the jury. We agree with the state’s contention that the inclusion of the word “attempted” on the grand theft verdict form in this case was a scrivener’s error, not a fundamental error. See Lyons v. State, 690 So.2d 695 (Fla. 3d DCA 1997). We agree with appellant that the victim’s statements to his aunt were hearsay, but we find the errors to be harmless.
POLEN, C.J., GUNTHER and GROSS, JJ., concur.