855 So.2d 177 (2003)
Jasper R. KIRTSEY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-0393.
District Court of Appeal of Florida, First District.
September 5, 2003.
Appellant, pro se.
Charlie Crist, Attorney General, Elizabeth Fletcher Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) alleging that the trial court illegally retained jurisdiction over one-third of his sentence. Because the appellant has stated a facially sufficient claim that his sentence is illegal that is not refuted by the record, we reverse.
On May 2, 1982, the appellant was adjudicated guilty of one count of armed robbery and sentenced to 90 years in prison with the court retaining jurisdiction over one-third (30 years) of that sentence. The appellant alleged that his sentence is illegal because the trial court did not justify the retention of jurisdiction over one-third of his sentence. In order to retain jurisdiction over the appellant's sentence, the trial court must provide justification *178 "with individual particularity." See § 947.16(3)(a), Fla. Stat. (1981); Hampton v. State, 764 So.2d 829 (Fla. 1st DCA 2000). The record contains no such justification.
Furthermore, contrary to the trial court's ruling, this issue is cognizable in a rule 3.800 motion. See Hampton, 764 So.2d at 830; Macias v. State, 614 So.2d 1216 (Fla. 3d DCA 1993).
We accordingly reverse the summary denial of this claim and remand for the trial court to address this claim on the merits.
REVERSED AND REMANDED.
VAN NORTWICK, PADOVANO, and HAWKES, JJ., concur.