PER CURIAM.
Ben Fisher (“Fisher”) appeals the trial court’s order summarily denying his mo *69 tion for post conviction relief. We reverse and remand for farther proceedings.
In his motion, Fisher alleged that at sentencing, the trial court stated it would retain jurisdiction to modify Fisher’s sentence for early release once he completed the Tier program. Fisher alleges that he completed the program and brought the matter to the trial court’s attention. However, the trial court denied his motion as legally insufficient. Fisher’s claim is facially sufficient, thus he is entitled for the trial court to address this claim on the merits. See Kirtsey v. State, 855 So.2d 177, 2003 WL 22056300 (Fla. 1st DCA, Sept.5, 2003).
On remand, the trial court shall review the relevant records to determine if'Fisher is in fact entitled to early release. See Hepburn v. State, 780 So.2d 326 (Fla. 3d DCA 2001). If the trial court denies Fisher relief, it shall attach those portions of the record that refute his claim.
Accordingly, we reverse the summary denial of the claim and remand for the trial court to address the claim on the merits.
Reversed and remanded.