864 So.2d 1153 (2003)
George I. WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-3165.
District Court of Appeal of Florida, Second District.
December 31, 2003.

*1154 EN BANC
DAVIS, Judge.
George I. Wright appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the trial court's order of denial, recede from our opinion in King v. State, 835 So.2d 1224 (Fla. 2d DCA 2003), and certify conflict with the First, Third, and Fourth Districts.
In 1979, Wright pleaded guilty to armed robbery in two separate cases. In both cases, the trial court sentenced him to concurrent sentences of seventy-five years in prison but retained jurisdiction over one-third of both sentences. In his motion, Wright alleged that both sentences are illegal because the trial court could only retain jurisdiction over one-third of one sentence and because the trial court did not set forth its reasons for retaining jurisdiction. The trial court denied Wright's second claim but granted relief on the first claim by relinquishing jurisdiction as to one of the sentences. We affirm the trial court's granting of Wright's first claim without discussion. We write to address Wright's second claim.
In King, 835 So.2d at 1225, this court held that a rule 3.800(a) motion is a proper vehicle to challenge the trial court's reservation of jurisdiction over a sentence. However, we now recede from our holding in King because it is inconsistent with the Florida Supreme Court's definition of an illegal sentence.
In Davis v. State, 661 So.2d 1193, 1196 (Fla.1995), receded from in part on other grounds, Mack v. State, 823 So.2d 746, 748 (Fla.2002), the supreme court held that an illegal sentence is one that exceeds the maximum period set forth by law for a particular offense without regard to the guidelines. Pursuant to this definition, the court held that failure to file written findings for a departure sentence does not constitute an illegal sentence and thus is not subject to challenge under rule 3.800(a). Davis, 661 So.2d at 1196-97. In State v. Mancino, 714 So.2d 429, 433 (Fla. 1998), the supreme court expanded the definition of illegal sentence to include a sentence that patently fails to comport with statutory or constitutional limitations. After Mancino issued, this court continued to hold that a challenge to departure reasons is not cognizable in a rule 3.800(a) motion. See Williams v. State, 734 So.2d 1113 (Fla. 2d DCA 1999). In Maddox v. State, 760 So.2d 89, 107-08 (Fla.2000), the Florida Supreme Court again addressed the issue and held that the failure to file written departure reasons is a fundamental *1155 error for purposes of direct appeal; however, the court did not recede from its holding in Davis that failure to file written reasons for a departure sentence does not constitute an illegal sentence.
We believe that a challenge to the sufficiency of the reasons for a trial court's retention of jurisdiction over a sentence is analogous to a challenge to a trial court's failure to provide departure reasons for a sentence. Based on the supreme court's holdings in Davis and Maddox, we conclude that Wright's challenge to the trial court's failure to provide reasons for retaining jurisdiction is not cognizable in a rule 3.800(a) motion to correct illegal sentence. Therefore, we affirm the trial court's order of denial, recede from our opinion in King, 835 So.2d 1224, and certify conflict with the First District's opinions in Kirtsey v. State, 855 So.2d 177 (Fla. 1st DCA 2003), Bingham v. State, 813 So.2d 1021 (Fla. 1st DCA 2002), Thames v. State, 769 So.2d 448 (Fla. 1st DCA 2000), and Hampton v. State, 764 So.2d 829 (Fla. 1st DCA 2000); the Third District's opinion in Macias v. State, 614 So.2d 1216 (Fla. 3d DCA 1993); and the Fourth District's opinion in Hernandez v. State, 825 So.2d 513 (Fla. 4th DCA 2002).
Affirmed; conflict certified.
ALTENBERND, C.J., and FULMER, WHATLEY, NORTHCUTT, CASANUEVA, SALCINES, STRINGER, COVINGTON, KELLY, CANADY, VILLANTI, WALLACE, JJ., Concur.