874 So.2d 673 (2004)
Little Willie HARPER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-408.
District Court of Appeal of Florida, Fourth District.
May 19, 2004.
Rehearing Denied June 22, 2004.
Little Willie Harper, Miami, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Little Willie Harper filed a rule 3.800(a) motion challenging the trial court's retention of jurisdiction over one-third of his sentence. His claim is that the trial court failed to enter a written order to justify such retention. Hernandez v. State, 825 So.2d 513 (Fla. 4th DCA 2002).
We have held that this is a proper claim for relief under Florida Rule of Criminal Procedure 3.800(a). See Hernandez, Sapp v. State, 864 So.2d 75 (Fla. 4th DCA 2003); See also Bingham v. State, 813 So.2d 1021 (Fla. 1st DCA 2002); Hampton v. State, 764 So.2d 829 (Fla. 1st DCA 2000); Macias v. State, 614 So.2d 1216 (Fla. 3d DCA 1993). Accordingly, we certify conflict with the opinions from the second district holding to the contrary. Wright v. State, 864 So.2d 1153 (Fla. 2nd DCA 2003); Garcia v. State, 867 So.2d 625 (Fla. 2nd DCA 2004). The case is reversed and remanded to the trial court to either relinquish the retention of jurisdiction over Harper's sentence or to make specific individual findings in accordance with the statute on retention of jurisdiction. Hernandez.
POLEN, GROSS and HAZOURI, JJ., concur.