PER CURIAM.
In this Anders[1] appeal, Appellant challenges his conviction and sentence on several grounds; the only one that merits discussion is his claim that he was convicted of an uncharged “aggravated” offense. Based on our independent review of the record and the supplemental briefs of counsel filed pursuant to this Court’s Causey[2] order, we find no reversible error but remand for correction of a technical error in the judgment.
The State’s information charged Appellant with a violation of section 316.1935(3)(a), Florida Statutes (2010), relating to fleeing or attempting to elude a law enforcement officer, and the factual allegations in the information track the language of this statutory provision. However, the information lists the title of the offense as “aggravated” fleeing or attempting to elude a law enforcement officer. This incorrect title was repeated by the attorneys and the court throughout the proceedings below, but the evidence presented at trial, the instructions to the jury, and the verdict form all corresponded to the elements of the non-aggravated offense. The written judgment cites the correct statutory provision and degree of crime for the non-aggravated offense, but again, incorrectly uses the term “aggravated” in the title of the crime.
Because it is clear that Appellant was charged with, and found guilty of, the non-aggravated offense proscribed by section 316.1935(3)(a), we affirm his conviction and sentence but remand for the trial court to correct the written judgment to reflect the title of the offense as “fleeing or attempting to elude a law enforcement officer.” See Jones v. State, 620 So.2d 236 (Fla. 1st DCA 1993); Palmer v. State, 935 So.2d 630 (Fla. 1st DCA 2006). Appellant need not be present for this purely ministerial correction. Jones v. State, 969 So.2d 1126 (Fla. 1st DCA 2007).
AFFIRMED and REMANDED with instructions.
LEWIS, C.J., CLARK and RAY, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. State v. Causey, 503 So.2d 321 (Fla.1987).