# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D23-0684
LT Case No. 2010-CF-625

———————————————

TREVORISSE THOMAS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

———————————————

3.800 appeal from the Circuit Court for Duval County.
Tatiana Salvador, Judge.

Trevorisse Thomas, Daytona Beach, pro se.

Ashley Moody, Attorney General, and Daren Shippy, Assistant Attorney General, Tallahassee, for Appellee.

December 1, 2023

KILBANE, J.

Trevorisse Thomas ("Thomas"), *pro se,* timely appeals the trial court's summary denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence. Because the substance of the verdict form and written judgement accurately reflect the charge in the Amended Information, the use of the word "aggravated" in each of the aforementioned documents does not on its own make Thomas's sentence illegal. Therefore, we affirm.

Relevant here, Thomas was tried, and convicted by a jury, of the second-degree offense of fleeing or attempting to elude a law enforcement officer in contravention of section 316.1935(3)(a), Florida Statutes (2009). Although the Amended Information's introductory summary of count 2 states, "AGGRAVATED FLEEING OR ATTEMPTING TO ELUDE A LAW ENFORCEMENT OFFICER," the actual charge in count 2, contained in the body of the Amended Information, does not use the term "aggravated," and tracks the pertinent language of section 316.1935(3)(a), as follows:

COUNT 2

TREVORISSE SHANEOTIS THOMAS on January 15, 2010, in the County of Duval and the State of Florida, did willfully flee or attempt to elude a law enforcement officer in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle with siren and lights activated, and during the course of the fleeing drove at a high speed or in any manner which demonstrates a wanton disregard for the safety of persons or property, contrary to the provisions of Section 316.1935(3)(a), Florida Statutes.

The erroneous use of the word "aggravated" in the Amended Information's introductory summary of count 2 is a mere scrivener's error; the content of the actual charge on count 2, as stated in the body of the Amended Information, controls. *See Danzy v. State*, 603 So. 2d 1320, 1322 (Fla. 1st DCA 1992) (where information contains statements of fact meeting all elements of offense, erroneous reference to statute is scrivener's error). Here, the charge stated in the body of the Amended Information not only tracks, but also correctly cites, the applicable statutory provision, section 316.1935(3)(a). There is no mention in the Amended Information of injury, damage to property, serious bodily injury, or death, which is required for an "aggravated" charge under section 316.1935(4).

Similarly, the verdict form on count 2 also erroneously used the word "aggravated": "We, the jury, find the defendant guilty of

2

aggr[a]vated fleeing to elude a law enforcement officer, as charged in the information." Again, this is a mere scrivener's error; the verdict form refers to the charge in the Amended Information, which, as explained, is not a charge for "aggravated" fleeing or attempting to elude under section 316.1935(4) but is a "non-aggravated" charge under section 316.1935(3)(a). *See Duvall v. State*, 835 So. 2d 1224, 1224 (Fla. 4th DCA 2003) (inclusion of word "attempted" on grand theft verdict form was scrivener's error, not fundamental error).

Lastly, the handwritten judgment entry on count 2 also incorrectly includes the word "aggravated." That entry, however, correctly cites section 316.1935(3)(a), which was the offense charged in the Amended Information and reflected in the verdict form. Accordingly, the inclusion of the word "aggravated" in the judgment is also a scrivener's error; however, it is one requiring remand for correction, with instructions to delete the word "aggravated" in order to conform the written judgment to the charged offense–of which Thomas was convicted–on count 2. *See Rosen v. State*, 272 So. 3d 875, 875 (Fla. 5th DCA 2019) (remanding with directions for correction of scrivener's error in judgment to reflect underlying offense); s*ee also Rhodes v. State*, 168 So. 3d 244, 244 (Fla. 1st DCA 2015) (remanding for correction of judgment to delete word "aggravated"); *Masterson v. State*, 133 So. 3d 1085, 1086 (Fla. 1st DCA 2014) (same).

Importantly, the fifteen-year sentence imposed by the trial court is within the sentencing range for a violation of section 316.1935(3)(a)—the offense both charged in the Amended Information, and reflected in the handwritten judgment—which is a second-degree felony punishable by a sentence of up to fifteen years as provided in section 775.082(3)(c), Florida Statutes (2009).[1]

---

[1] The thrust of Thomas's argument is that he should have been charged only with fleeing or attempting to elude a law enforcement officer under section 316.1935(1), which does not contain the language of subsection (3)(a) regarding driving at a high speed or in a manner which demonstrates a wanton disregard for the safety of persons or property. The offense of fleeing or attempting to elude a law enforcement officer, in contravention of section 316.1935(1), is a third-degree felony that carries only a

3

Accordingly, we affirm Thomas's sentence and remand with instructions to remove the word "aggravated" as it appears in the judgment's handwritten description of count 2.

AFFIRMED; REMANDED to correct written judgment as instructed.

EDWARDS, C.J., and PRATT, J., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

five-year maximum sentence as provided in section 775.082(3)(d), Florida Statutes (2009). Aside from the fact that such an argument is not cognizable under a rule 3.800 motion, Thomas's argument is without merit, as the verdict form on count 2 shows that the jury had the option of convicting Thomas of such as a lesser included offense but chose not to do so.