# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-1163
_____

ISAAIH X. ASH,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Columbia County.
Leandra G. Johnson, Judge.

October 29, 2025

ON MOTION FOR SECOND REHEARING

LONG, J.

We deny Isaaih X. Ash's motion for rehearing.[1]  We write to explain why.

Ash appealed his judgment and sentence for attempted armed robbery.  His appellate counsel filed an *Anders*[2] brief indicating

_____

[1] We granted the State's motion for rehearing, withdrew our first opinion, and issued a new opinion in its place.  Ash now moves for a second round of rehearing.

[2] *Anders v. California*, 386 U.S. 738 (1967).

that counsel was unable to make a good faith argument for reversal. We, in turn, permitted Ash to file a pro se initial brief. We then independently reviewed the record, as required by Florida Rule of Appellate Procedure 9.140(g)(2)(A). *See also In re Anders Briefs*, 581 So. 2d 149, 151 (Fla. 1991) ("The appellate court then assumes the responsibility of conducting a full and independent review of the record to discover any arguable issues apparent on the face of the record."). Following our independent review, the Court sua sponte ordered the parties to brief several issues. The order cited Florida Rule of Appellate Procedure 9.140(g)(2)(A), but in retrospect our order was not required by *Causey*. *See State v. Causey*, 503 So. 2d 321, 322–23 (Fla. 1987) (requiring an appellate court to permit supplemental briefing when the court discovers "any errors apparent on the face of the record," which are "arguable on the merits"). That means we could have affirmed this case without ordering any additional briefing.

Our order did not identify any meritorious errors apparent on the face of the record. Instead, it asked the parties to brief a novel legal issue.[3] While courts issue supplemental briefing orders on any number of issues, they are only *required* to do so, following the submission of an *Anders* brief, when they identify "arguable issues apparent on the face of the record." *In re Anders Briefs*, 581 So. 2d at 151. Because the issues raised in our supplemental briefing order did not meet that legal standard, the case never constitutionally required supplemental briefing. Ash's supplemental brief was, nevertheless, a good faith effort to address the issues that the Court raised. And while the brief was ultimately insufficient to present the issues for appellate review, that problem did not begin with the brief. It began with the issues.

Even if our order did raise arguable issues, the process was adequate to protect any constitutional interest at stake. The

---

[3] Ash's motion for rehearing acknowledges the issue's novelty. And the State argues that our order was no ordinary *Causey* order, instead the State contends it was an order designed to extend the case law. We append the language from that February 8, 2024, briefing order for reference.

2

supplemental briefing process serves to "give the appellate court the benefit of each side's thoughts, research, and analysis so that the court can be more fully informed on the issue." *Causey*, 503 So. 2d at 323. In this case, Ash tried to adopt the argument of our supplemental briefing order, but also made a good faith effort to set out how the law and facts interact with it. The result was a brief that restated the order but failed to provide any meaningful legal support or argument for it. That happened because there was no legal or factual support for the issue we raised. Ash's rehearing motion says as much—"appellate counsel made a professional, ethical argument, consistent with the facts in the record" and "[t]here is also no case law directly on point."[4]

All this to say, even when we issue a supplemental briefing order and the appellant adopts the issue we have raised, we still must affirm when the appellant's supplemental brief is unable to provide an adequate legal or factual basis for reversal. *See, e.g., Masterson v. State*, 133 So. 3d 1085 (Fla. 1st DCA 2014); *Taylor v. State*, 286 So. 3d 954 (Fla. 1st DCA 2019). And we can do that without delving into a meritless issue when counsel cannot even provide enough support to present a meaningful argument. We held that "Ash has failed to demonstrate reversible error." And that is always the appellant's job, even in an *Anders* case.

RAY, J., concurs; WINOKUR, J., dissents with opinion.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

---

[4] Ash's rehearing motion goes so far as to suggest that making the argument raised by our supplemental briefing order may have been a violation of the Rules Regulating the Florida Bar.

3

## *APPENDIX*

AMENDED
February 8, 2024

**BY ORDER OF THE COURT**:

Pursuant to Florida Rule of Appellate Procedure 9.140(g)(2)(A), this Court orders briefing on the following issues:

I. Whether the trial court's efforts to protect Ash's right to court-appointed counsel impermissibly interfered with Ash's right to self-representation. *See Faretta v. California*, 422 U.S. 806, 807 (1975); *see also Knight v. State*, 770 So. 2d 663, 665 (Fla. 2000); *Fields v. Murray*, 49 F.3d 1024, 1029 (4th Cir. 1995) (quoting *Cross v. United States*, 893 F.2d 1287, 1290 (11th Cir.)); *compare Espinoza v. Montana Dep't of Revenue*, 140 S. Ct. 2246 (2020) *with State v. Bowen*, 698 So. 2d 248, 250 (Fla. 1997).

    A. Whether the sheer number of *Faretta* inquiries in this case – 14 – caused Ash to abandon his right to self-representation. *See Noetzel v. State*, 328 So. 3d 933, 952 n.9 (Fla. 2021).

    B. Whether the trial court's questions regarding Ash's technical competence to represent himself caused Ash to abandon his right to self-representation. *See Faretta*, 422 U.S. at 836; *see also Noetzel*, 328 So. 3d at 948; *Hooks v. State*, 286 So. 3d 163, 168-69 (Fla. 2019).

    C. Whether the trial court's statements – on at least 13 separate occasions – that Ash lacked the technical competence to represent himself caused Ash to abandon his right to self- representation. *See McKenzie v. State*, 29 So. 3d 272, 282 (Fla. 2010); *see also Bova v. State*, 311 So. 3d 1000, 1002 (Fla. 5th DCA 2021).

4

II. Whether the trial court committed reversible error when it denied the motions to disqualify, specifically –

    A. Whether Ash's *pro se* motions for change of venue were essentially motions to disqualify and whether the trial court entered orders on all such motions. *Compare* Fla. R. Crim. P. 3.240(a) *with* Fla. R. Gen. Prac. & Jud. Admin 2.330(e)(1); *see also* Art. V, § 2(a), Fla. Const.; *but see Rogers v. State*, 630 So. 2d 513, 516 (Fla. 1993).

    B. Whether the Honorable Leandra Johnson qualified as a "successor judge." *See* Fla. R. Gen. Prac. & Jud. Admin 2.330(i); *see also Brake v. Swan*, 767 So. 2d 500, 504 (Fla. 3d DCA 2000).

**Appellant shall file a Supplemental Initial Brief twenty (20) days from the date the of this amended order. Appellee shall file a Supplemental Answer Brief twenty (20) days after service of the Supplemental Initial Brief. Appellant shall have twenty (20) days after service of Appellee's Supplemental Answer Brief to file a Supplemental Reply Brief.**

No motions for extension of time will be granted except for good cause shown.

Additionally, this Court denies the *pro se* Motion to Compel, docketed on October 20, 2023.

WINOKUR, J., dissenting from denial of rehearing.

When we granted the State's motion to rehear this appeal, the majority indicated that the original panel's opinion "exceeded the scope of our authority, departed from our neutral role, and took on the role of advocate by raising and reversing on a claim that was not advanced by Ash." *Ash v. State*, 50 Fla. L. Weekly D1238a, D1238 (Fla. 1st DCA June 4, 2025). Ash seeks rehearing of this new opinion. Ash disputes the majority's conclusion stated above and notes that "the *Anders* process worked as intended." In response, the State doubles down on the court's observation, arguing that Ash "abandoned" the issues by insufficiently arguing them in his supplemental brief. I agree with Ash. Our approach in the original opinion was consistent with the *Anders* procedure as set forth in Florida Rule of Appellate Procedure 9.140(g)(2)(A).

The purpose of *Anders* is to ensure that a defendant is afforded his right to have his conviction subjected to meaningful adversarial testing, even when appellate counsel finds no appealable issues in the record. When appellate counsel files an *Anders* brief, he is not advocating on behalf of the appellant. This is why, pursuant to *Anders* and rule 9.140(g)(2)(A), the appellate court bears a duty to "independently review the record to discover any arguable issues apparent on the face of the record." Fla. R. App. P. 9.140(g)(2)(A).

If our independent review discloses no arguable issues, then the appellant is no longer entitled to appointed counsel. But if we find an arguable issue, the appellant is still entitled to meaningful adversarial testing, in the form of counsel advocating for him. As such, in those cases we are then required to "order briefing on the issues identified by the court."[1] Fla. R. App. P. 9.140(g)(2)(A). We

---

[1] When we issue such an order, we are complying with this procedural duty, not, as the majority contends, acting "sua sponte."

6

call these orders "*Causey* orders." *See State v. Causey*, 503 So. 2d 321 (Fla. 1987).

This occurred here: we filed a *Causey* order, ordering briefing on three related issues.[2] Ash, through counsel, submitted a supplemental brief. But the majority did not consider the issues because it found Ash's argument "insufficient and not one we can consider as properly presented for appellate review." *Ash*, 50 Fla. L. Weekly at D1239.

On this rehearing, it is unclear whether the majority still adheres to its position that the briefing was insufficient. The majority now focuses on the *Causey* order itself, finding it deficient, and concluding that that this deficiency is what caused the inadequate briefing. I disagree. I presume that we issued the *Causey* order because we had determined that it set forth an arguable issue. In spite of our issuance of the order, the majority now asserts that the order did not "identify any meritorious errors apparent on the fact of the record."

The rules of procedure state that we are required to order briefing when we discover an issue that is "arguable;" we are not limited to issues that we consider "meritorious." Fla. R. App. P. 9.140(g)(2)(A). It appears, then, that the majority finds that the issue raised in the *Causey* order not only failed to support reversal but in fact required briefing on a frivolous (or non-arguable) issue. *See Anders v. California*, 386 U.S. 738, 744 (1967) (defining "arguable on the merits" as "not frivolous"). Again, I disagree. The question of whether the trial court improperly interfered with Ash's constitutional right to represent himself is not a frivolous

---

[2] The order also directed Ash's counsel to address a separate claim related to a motion to disqualify. We did not address that claim in the opinion.

7

one.[3] Not only is the question not frivolous, but I conclude that it supported a new sentencing proceeding for Ash.

Because of the unique nature of review under rule 9.140(g)(2)(A), the traditional appellate rule that an inadequate brief is insufficient to support reversal applies much differently to review under rule 9.140(g)(2)(A). *See, e.g., Penson v. Ohio.* 488 U.S. 75, 85 (1988) (holding that a defendant is entitled to advocacy by appellate counsel for the constitutionally required "adversary examination and presentation of the issues"). Review pursuant to rule 9.140(g)(2)(A) bears little resemblance to traditional appeals, and many traditional rules have no relevance. However, as it appears to me that the majority has disclaimed its conclusion that the supplemental briefing was insufficient—beyond simply failing to argue an inarguable issue—I need not proceed further.[4]

---

[3] While the majority contends that the *Causey* order did not raise an arguable issue, it presents an alternate argument "[e]ven if our order did raise arguable issues[.]" In this event, the claim fails—according to the majority—because "there was no legal or factual support for the issue we raised." But if there was no legal support for the *Causey* order, then the order did *not* raise an arguable issue after all. Because this argument is circular, I conclude that the majority does not have an alternate argument: either way, the majority finds that the *Causey* order failed to raise an arguable issue. Accordingly, I find that the majority has disclaimed its earlier conclusion that the briefing was insufficient.

[4] The majority correctly notes that, on rehearing, Ash suggests that "it may be a violation of the Rules Regulating the Florida Bar for appellate counsel to argue that the trial judge acted inappropriately/coercively for the multiple *Faretta* inquiries or continued questions regarding Appellant's technical competence." While Ash's newfound solicitude for the trial judge is admirable, his counsel made no such claim in the supplemental brief. In fact, a trial judge cannot "act . . . coercively" to a defendant regarding his exercise of a constitutional right. I fail to apprehend the basis for this concern.

Finally, I recognize that the majority certifies a question to the Florida Supreme Court, asking whether rule 9.140(g)(2) "accord[s] with the fundamental principles of appellate review" or whether it "require[s] appellate courts to depart from their roles as neutral arbiters." These are important questions, and I do not mean to express disagreement with their premises by this opinion. But unless and until the Florida Supreme Court overrules its cases regarding *Anders* and repeals 9.140(g)(2), we must apply them. For that reason, I would grant rehearing.

_____

Jessica J. Yeary, Public Defender, David Alan Henson, Assistant Public Defender, and Megan Lynne Long, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, and Virginia Chester Harris, Assistant Attorney General, Tallahassee, for Appellee.